RAYMOND ROGERS, Plaintiff, v. DELAWARE POWER AND LIGHT COMPANY, a Delaware corporation, Defendant.

(*March* 30, 1953.)

RICHARDS, P. J., sitting.

*Newton White* for the plaintiff.

*Herbert L. Cobin* and *William H. Foulk* for the defendant.

Superior Court for New Castle County, No. 557, Civil Action, 1950.

RICHARDS, P. J.:

This action was brought in the name of Raymond Rogers, as plaintiff, to recover for personal injuries received by the said Raymond Rogers resulting from the alleged negligence of the defendant.

The complaint states that on July 26, 1949, the defendant maintained and operated in the course of its business five electric power lines over and across lands of Ralph E. Holloway, trading as Showell Manufacturing Company, said land being located south of Frankford, in Sussex County, Delaware; that said electric power lines were supported by poles erected on said land.and were charged with high voltage electric current, the voltage being unknown to the plaintiff; that the plaintiff while employed by Ralph E. Holloway on the day in question was engaged in cleaning out a well, on the land crossed by said high voltage electric power lines, with a length of galvanized iron pipe; that said pipe came in contact with one or more of said high voltage electric power lines as a result of which Raymond Rogers, the plaintiff, received severe electrical burns. After alleging various acts of negligence by the defendant, the complaint

sets forth that the plaintiff was injured as a direct result of the maintenance and operation of said high voltage electric lines over the land of the said Ralph E. Holloway while the plaintiff was on said lands in the course of his employment of Ralph E. Holloway.

The defendant's answer denies the allegations of the complaint, including the allegations of negligence, and then alleges contributory negligence by the plaintiff. As a further defense it is contended that the complaint does not state a cause of action upon which the plaintiff is entitled to recover, by reason of the fact that prior to the time of instituting this action and .filing his complaint, he accepted compensation for his injuries under the provisions of the Delaware Workmen's Compensation Law, 19 *Del. C.* § 2301 *et seq.*, and any cause of action which he may have had growing out of the injuries relied upon in his complaint, were transferred to his employer.

The defendant's motion for summary judgment is supported by the affidavit of Francis D. Buck, dated May 11, 1951, which states that he was Secretary of the Industrial Accident Board, which administers the Workmen's Compensation Law, and was the custodian of its records; that said records disclose that Raymond Rogers was injured on July 26, 1949, and by agreements dated August 19, 1949 and April 26, 1950, both approved by the Industrial Accident Board, he elected to take compensation to be paid by his employer, Ralph E. Holloway, which has been paid to him since July 26, 1949.

The defense of contributory negligence was not pressed and will not be considered by me.

"The Delaware Workmen's Compensation Law of 1917", being Title 19, Chapter 23, of the *Code of* 1953, provides for the payment by the employer and the acceptance by the employee, of compensation for personal injury or death by accident arising out of and in the course of the employment, after certain provisions of said Act are complied with.

The portion of said law which is applicable to the question raised by the defendant's motion for summary judgment, is Section 2363, of Title 19, of the *Code of* 1953, which provides for subrogation of the employer, whenever an injury for which compensation is payable shall have been sustained by the employee under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto.

The injured employee is given the option of claiming compensation under the Workmen's Compensation Law, or obtaining damages from or proceeding at law against such other person to recover damages. Said injured employee is restricted, however, by the following language contained in the Compensation Law: "but he shall not proceed against both. (b) If compensation is awarded, under this chapter, the employer who has paid the compensation or who is liable therefor, shall be subrogated to the rights of the injured employee, or of his dependents to recover damages against such third person, and may recover in his own name or that of the injured employee from the other person in whom legal liability for damages exists, the indemnity paid or payable to the injured employee. Any recovery against such third person in excess of the compensation theretofore paid and thereafter payable by the employer, less the cost of securing and collecting same, shall be paid forthwith when collected, to the employee or his dependents".

It is not denied that Raymond Rogers accepted compensation for his injuries from his employer, Holloway, under the provisions of the Workmen's Compensation Law, and that payments have been made to him since that time in compliance therewith. This being the case it must be admitted that his employer, Holloway, was subrogated to his rights, or the rights of his dependents, to recover damages against the defendant if it is legally liable, and may recover such damages in his own name or in the name of his injured employee, Raymond Rogers. The present action was brought by Raymond Rogers who has already accepted compensation from his employer, Holloway. There is nothing in the record, including the allegations in the

complaint, to indicate that it was brought by his employer, Holloway, in his name. So far as the record discloses it is a suit by Raymond Rogers in his individual capacity against the defendant. This he is not permitted to do after having accepted compensation from his employer, under the ruling of *Silvia v. Scotten,* 2 *W. W. Harr.* 295, 122 *A.* 513.

In that case the action was brought by the widow of the deceased employee against the alleged tort-feasor, being a person other than his employer, after having accepted compensation from his employer. It was contended that the widow has a right to proceed against the alleged tort-feasor under the Death Act, 10 *Del. C.* § 3704, for the death of her husband. The Supreme Court affirmed the ruling of this Court to the effect, that having accepted compensation under the Workmen's Compensation Law the widow could not maintain an action under the death statute, because under the provisions of Section 2363, of Title 19, of said Workmen's Compensation Law she was required to elect which remedy she would pursue, and having elected to take compensation from her husband's employer she could not proceed under the Death Act. *Traveler's Insurance Co. v. E. I. du Pont de Nemours & Co.,* 1 *Terry* 285, 9 *A.* 2d 88; *Melella v. Savage, D. C.,* 59 *F. Supp.* 258; *DeStefano v. Lamborn* (*Frank C. Sparks Co. v. Huber Baking Co.*) 7 *Terry* 406, 84 *A.* 2d 413.

■ When the employer or his insurance carrier, is subrogated to the rights of his employee or his dependents under the Workmen's Compensation Law, to bring suit against a third person tort-feasor for damages, a suit brought in the name of the employee should clearly indicate that it is brought by said employer, or his insurance carrier.

■ Before deciding whether defendant's motion for summary judgment should be granted, it must be determined whether plaintiff's motion to amend his complaint is to be allowed.

In support of his motion for leave to amend his complaint, plaintiff relies upon the affidavit of John M. Metten, one of his attorneys, in which it is averred that plaintiff's counsel not only

represented the plaintiff, but also represented his employer, Ralph Holloway, and the United States Fidelity and Guaranty Company, the insurance carrier of his employer, Ralph Holloway; and that the action was being prosecuted for all three under the provisions of the Delaware Workmen's Compensation Law.

By said amendment, the plaintiff seeks leave to add six paragraphs to his complaint setting forth that he was subject to the Delaware Workmen's Compensation Law, that he claimed and was awarded compensation under said law which was paid by his said employer's compensation insurance carrier, the United States Fidelity and Guaranty Company, and that said United States Fidelity and Guaranty Company was therefore subrogated to his rights to bring this action on its own behalf and that of the plaintiff in the name of the plaintiff, as provided by said Delaware Workmen's Compensation Law.

This amendment is opposed by the defendant on the ground that the plaintiff is seeking to maintain a cause of action owned by the United States Fidelity and Guaranty Company against the defendant, subsequent to the one year statute of limitations which is barred by said statute.

There is no doubt that this action on its face is one by the plaintiff, an employee, against the defendant, a third party tortfeasor, but it appears by the affidavit of Mr. Metten that it is being prosecuted by the insurance carrier who has paid the amount awarded the employee for his injuries under the provisions of the Delaware Workmen's Compensation Law. In *Kane v. Chrysler Corp., D. C. Del.* 1948, 80 *F. Supp.* 360, a motion for summary judgment by the defendant was denied where the plaintiff's affidavit disclosed a factual situation growing out of the transaction which was the basis of the complaint, the substance of which could be set out in an amendment.

The main purpose of the new Rules which were adopted by the Superior Court in 1948 was to do away with many of the common law forms of procedure in order that actions pending

before it could be disposed of more quickly. In Rule 1, it is stated that they shall be construed to secure the just, speedy and inexpensive determination of every proceeding. Rule 3 provides that all actions, except amicable actions, shall be commenced by filing a complaint with the Prothonotary, or, if required by statute a petition or statement of claim. Rule 8 provides that any claim for relief shall contain a short plain statement of the claim showing that the plaintiff is entitled to relief and a demand for judgment therefor.

Rule 10 provides that the title of the action as shown by the complaint shall include the names of all the parties. Rule 15 deals with amendments to the pleadings and after setting forth the usual amendments to which a party to a cause is entitled contains the following provision; "Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so re-quires". This Rule provides that issues not raised by the pleadings can be tried by express or implied consent of the parties, and shall be treated in all respects as if they had been raised in the pleadings. Necessary amendments to the pleadings to cause them to conform to the evidence and to raise these issues, may be made upon motion of any party at any time, even after judgment. The Court may allow pleadings to be amended when evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings. The rule expressly provides that such amendments shall be freely allowed when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the Court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. Said Rule finally provides that, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading".

The original complaint filed in this case gave notice to the defendant of all the pertinent facts which will be relied upon

at the trial. The claim arises from the same occurrence set forth in said complaint. If the amendment is allowed the same operative facts will be relied upon at the trial. Rule 15 makes it clear that under such circumstances the amendment relates back to the date of the original pleading. This being true the amendment is not barred by the statute of limitations and it is therefore allowed.

This position is supported by the following cases: *Jacobs v. Pennsylvania Railroad Company, D. C. Del.* 1934, 31 *F. Supp.* 595; *Echevarria v. Texas Co., D. C. Del.* 1940, 31 *F. Supp.* 596; *American Fidelity & Casualty Co. v. All American Bus Lines,* 10 *Cir.,* 190 *F.* 2d 234; *Janis v. Kansas Electric Power Co., D. C. Kan.* 1951, 99 *F. Supp.* 88.

Having decided that plaintiff's motion to amend its complaint should be allowed, the defendant's motion for summary judgment is hereby denied.