E. M. FLEISCHMANN LUMBER CORPORATION, a corporation of the State of Maryland,

*vs.*

RESOURCES CORPORATION INTERNATIONAL, a corporation of the State of Delaware, and VANCOUVER PLYWOOD COMPANY, a corporation of the State of Washington.

*New Castle, July 16, 1953.*

*William H. Foulk* and *Herbert L. Cobin*, Wilmington, and *Robert F. Skutch, Jr.*, of Weinberg & Green, Baltimore, Md., for plaintiff.

*William Marvel*, of Morford, Bennethum & Marvel, Wilmington, for defendants.

SEITZ, Chancellor: This is the decision on the motion of one defendant to dismiss for lack of jurisdiction and on the motions of both defendants to dismiss for failure to state a claim upon which relief can be granted.

Plaintiff is a Maryland corporation. Defendant, Resources Corporation International (hereafter called "Resources"), is a Delaware corporation while defendant, Vancouver Plywood Company (hereafter called "Vancouver"), is a Washington corporation.

In view of the nature of the motions it becomes important to narrate the material allegations of the complaint. Those allegations show that plaintiff sued Resources in the Delaware United States District Court for fraud and deceit. The District Court filed certain findings of fact and conclusions of law to the effect that Resources was liable to plaintiff for such damages as plaintiff might prove, (D.C.), 105 *F.Supp.* 681. At the time this action was commenced plaintiff's damages had not yet been ascertained in the District Court. Plaintiff claims damages of $400,000.

For some years prior to 1948 Resources owned all of the stock of J. E. Henry and Sons, Company, whose chief asset was a tract of timber land in Mexico. Vancouver conceived a plan to acquire control of this tract and entered into a contract of sale with Resources whereby Vancouver purchased certain other Mexican timber from Resources for $50,000 cash and also purchased the stock of J. E. Henry and Sons for $720,000 of which $100,000 was to be paid in cash and the balance was to be paid in either ten annual installments or by 25% of the net operating profit. Vancouver paid $150,000 to Resources in cash. Resources entered upon its books the $150,000 cash payment and entered as an account receivable the balance due of $620,000.

Vancouver, by virtue of its 35% stock ownership, dominated and controlled Resources and caused Resources on December 5, 1950, after trial but before decision in the United States District Court, to enter into an agreement with Vancouver to rescind the contract of sale just described. This was done by causing Resources books to reflect a debt of $150,000 to Vancouver and the elimination of the $620,000 accounts receivable from Vancouver. I assume that Vancouver also returned the assets received by it.

It is alleged that this rescission agreement, brought about through Vancouver's domination and control of Resources, was for the sole benefit of Vancouver and to the detriment of Resources; that it constituted a fraud upon Resources, its creditors and stockholders and constituted a gift and waste of Resources' assets to Vancouver in derogation of the rights of Resources' stockholders and creditors; that the cancellation was made without a fair consideration and with an intent, actual or in law, to hinder, delay or defraud the creditors of Resources including plaintiff in that it removed valuable assets of Resources so that thereafter the fair salable value of the remaining assets of Resources was and is less than the amount required to pay Resources' existing debts, including plaintiff's claim, as they mature.

The complaint prays that the court seize shares of Resources' stock standing in the name Vancouver; that the court enter judgment rescinding, setting aside and cancelling and declaring null and void the cancellation of the sale of timber and the Henry stock, and reinstating the contract and Vancouver's obligations; that an accounting be had of all damages and loss of profits suffered by Resources by reason of the acts complained of; and that the court grant such other and further relief as may be proper.

Although it is not specifically referred to therein, it is apparent that the complaint is predicated upon the Uniform Fraudulent Conveyances Act now found in 6 *Del.C.* § 1301, *et seq.*[1]

Defendant, Vancouver, has moved to dismiss the complaint because it is claimed that 10 *Del.C.* § 366, under which plaintiff purported to obtain jurisdiction, cannot be used to obtain jurisdiction in this type of action. The court purportedly obtained jurisdiction of Vancouver by seizing the shares of stock of Resources owned by Vancouver. This sequestration took place pursuant of 10 *Del.C.* § 366 and both sides agree that unless there was an effective seizure under that section the defendant, Vancouver, is not subject to this court's jurisdiction.

Defendant, Vancouver, says that 10 *Del.C.* § 366 does not apply to this type of complaint because that section has been

---

[1] For present purposes I assume the Delaware statute controls.

construed to apply only to cases "where a sale is necessary to render effectual the nature of relief which the complainant's bill seeks", citing *Wightman v. San Francisco Bay Toll Bridge Company*, 16 *Del.Ch.* 200, 142 *A.* 783. Since there can be no doubt that the court so held in the *Wightman* case, it follows that it is necessary to see whether by any fair reading of the present complaint it comes within the statute as construed.

■ Plaintiff prays for a rescission of the aforementioned agreement of rescission on the ground that it constitutes a fraudulent conveyance. In seeking rescission plaintiff seeks only to have assets restored to its potential judgment debtor, Resources, in order that they may be available, if necessary, to help satisfy plaintiff's judgment. This is one of the alternative forms of relief provided by the Fraudulent Conveyance Act, 6 *Del.C.* § 1310. It is apparent, however, that plaintiff has no particular interest in the type of assets made available for the ultimate satisfaction of its judgment. Consequently, in so far as plaintiff's demand is concerned, it can be satisfied just as well by the sale of Vancouver's stock interest at the proper time and the rendering of the cash resulting therefrom subject to plaintiff's right of execution. The right of equitable execution in cases involving fraudulent conveyances is well recognized and, indeed, was specifically approved in *Blumenthal v. Blumenthal*, 28 *Del.Ch.* 1, 35 *A.2d* 831, affirmed, 28 *Del.Ch.* 448, 59 *A.2d* 216.

But defendant, Vancouver, points out that the complaint as now drawn specifically prays for a rescission and not for a money judgment. The power to render the stock here seized subject to a money claim by plaintiff is settled by the *Blumenthal* case. The only question remaining therefore is whether that may not be done in this case because the prayer is for rescission and not for a money judgment.

■■ It is true that the prayer is for rescission and not for a money payment. However, I do not believe that renders the section inapplicable. I say this because it seems to me that an order for rescission could be entered by this court and, if not obeyed, then alternative relief in the form of a money judgement and sale could be granted under the general prayer for relief. Certainly the

Fraudulent Conveyances Act authorizes both courses of action. This conclusion would give effect to the Supreme Court's statement in *Loft, Inc. v. Guth*, 25 *Del.Ch.* 363, 19 *A.2d* 721, that the sole primary purpose of the statute is to compel the appearance of the non-resident. It would also comply with the restrictions imposed on the statute in the *Wightman* case because the ultimate relief would in any event be effectual since all plaintiff seeks ultimately is money. The restriction imposed on the use of the statute by the *Wightman* case is met if the proceeds from the sale of the seized property would afford the plaintiff legally recognized relief, whether such relief be the primary relief sought or some alternative.

I believe the process against Vancouver is supportable on another ground. It seems to me that the general prayer for relief is applicable to the extent that it would permit the court to directly grant monetary relief under the Fraudulent Conveyances Act rather than the rescission prayed for by plaintiff. So viewed there was effective service upon Vancouver by the seizure under 10 *Del.C.* § 366.

I conclude that this is a proper case for relief under 10 *Del.C.* § 366 and the motion of Vancouver to dismiss for want of jurisdiction is denied.

Both defendants move to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. As I read defendants' brief they contend that the plaintiff must first exhaust its remedies at law before coming into a court of equity. The short answer would seem to be that both traditional equity jurisdiction and 6 *Del.C.* § 1310 authorize an action of this type. Moreover, this court is certainly a proper court to administer the remedies necessary to provide an adequate remedy where the claim has not matured.

Defendants claim that there is no actionable wrong charged because, as a result of the rescission agreement which plaintiff now seeks to have rescinded, Resources received back exactly what it held prior to the time the contract was made. One answer is that a retransfer of any earlier exchange of assets may be fraudulent because of a change in relative values. Moreover, and

more important, plaintiff flatly charges in its complaint that the transfer of assets here attacked was made without a fair consideration so that as a result Resources were rendered insolvent. Plaintiff thus charges a fraudulent conveyance under 6 *Del.C.* § 1304. Plaintiff also charges a fraudulent conveyance under § 1307 of the same Act. Thus actionable wrongs are flatly charged.

■ I therefore conclude that the complaint sets forth allegations of a fraudulent conveyance sufficient to withstand a motion to dismiss.

Defendant argues that the complaint should be dismissed as to Resources because no wrongful act of Resources is alleged. The short answer is that the complaint charges a fraudulent conveyance by Resources. It also undoubtedly states a cause of action against Vancouver.

The motions of the defendants to dismiss for failure to state a claim upon which relief can be granted are denied.

Order on notice.