E. M. FLEISCHMANN LUMBER CORPORATION, a corporation of the State of Maryland,

*vs.*

RESOURCES CORPORATION INTERNATIONAL, a corporation of the State of Delaware, and VANCOUVER PLYWOOD COMPANY, a corporation of the State of Washington.

*New Castle, June 24, 1954.*

SEITZ, Chancellor: This is the decision on defendant's (Resources) objection to plaintiff's application to amend its complaint.

Plaintiff's original complaint sought to rescind an alleged fraudulent conveyance by the defendant Resources. Plaintiff's then status was that of an incipient judgment creditor on the basis of an action in the Delaware U.S. District Court. 114 *F.Supp.* 843. An unsuccessful attack was made on the original process in this action. See *E. M. Fleischmann Lumber Corp. v. Resources Corporation International,* 33 *Del.Ch.* 587, 98 *A.2d* 506.

Thereafter a money judgment was entered against Resources in the District Court which was duly satisfied. The defendant Resources then filed a motion to dismiss the present action and a motion for summary judgment on the ground that this action had become moot. Before those motions could be brought on for decision the plaintiff applied for leave to amend its complaint. The proposed amendment asserts a complaint for money damages against Resources on the basis of a contract of guaranty. Defendant Resources contends that the amendment should not be allowed because either it states a new cause of action which is barred by limitations or laches, or it states the old cause of action which is *res adjudicata*.

Plaintiff says that the contentions of defendant should not be considered in connection with an application to amend.

■ The rules of this court require me to follow a liberal policy concerning amendments. In considering objections to the filing thereof, the court, absent an unusual showing, looks only to objections involving questions of form, time, or harassment. I recognize that some courts pass on substantial questions in connection with the decision on the application to amend. However, as a general practice, I prefer to allow the filing of amendments without prejudice. The opposing party is then free to raise any question by appropriate motion or other pleading. See *Copeland Motor Co. v. General Motors Corp.*, (5 Cir.) 199 *F.2d* 566; *Naamloze Vennootschap Suikerfabriek "Wono-Aseh" v. Chase National Bank*, (D.C.) 12 *F.R.D.* 261. In this way the court will have before it an orderly set of pleadings.

The ultimate result may often be the same no matter which practice is adopted, but for the reason stated I prefer the course outlined above

■ Plaintiff will therefore be granted leave to file the proposed amendment. But leave is granted without prejudice to Resources' right to attack its sufficiency including the question as to whether or not the amendment will relate back under *Chancery Court Rule* 15(c), *Del.C.Ann.*

It appears that the Superior Court did consider matters of substance in connection with an application for leave to amend in *Rogers*

*v. Delaware Power and Light Co., 9 Terry* 115, *Del.,* 95 *A.2d* 842. However, so far as appears, no objection was raised to the consideration of the matter at that stage. Consequently, it is not a ruling on the point here involved.

Since defendant Resources may want to reconsider its motions to dismiss and for summary judgment in the light of my decision, I have not ruled on them.

Order on notice.