135 A.2d 119 (1957)
Lillie S. MAYER, Plaintiff,
v.
Kenneth S. ADAMS, H. M. Addinsell, F.W. Begrisch, T.S. Gay, P. J. Parker, Paul Endacott, Rayburn L. Foster, A. M. Hughes, J. L. Johnston, W. W. Keeler, H.E. Koopman, Stanley Learned, C. R. Musgrave, Phillip R. Phillips, W. C. Smoot, B.F. Stradley, R. W. Thomas, G. P. Dimit, Don Emery, G. G. Oberfell, F. E. Rice, Charles A. Lemp, Eugene E. Du Pont, Phillips Petroleum Company, Kenneth S. Adams, Jr., and Ada Oil Company, Inc., Defendants.
Court of Chancery of Delaware, New Castle County.
September 26, 1957.
Clarence W. Taylor and Stewart Lynch, Wilmington, for plaintiff.
Robert H. Richards, Jr., and Stephen E. Hamilton, Jr., Wilmington and Clark Clifford of Clifford & Miller, Washington, D. C., for Phillips Petroleum Co. and all individual defendants other than Eugene E. duPont, Charles A. Lemp and Kenneth S. Adams, Jr.
*120 Edwin D. Steel, Jr. and Harvey S. Kronfeld, Wilmington, for defendant, Ada Oil Co., Inc.
MARVEL, Vice Chancellor.
This action is admittedly one to enforce a secondary right, having been brought by a shareholder because Phillips Petroleum Company, a corporation in which plaintiff claims to have owned stock since in or about the year 1943, allegedly "* * * refuses to enforce rights which may properly be asserted by it." Accordingly all the requirements of Chancery Rule 23(b), Del. C.Ann. including the part pertaining to prior corrective efforts within the corporate body must be observed by plaintiff. See opinion in this case reported in Del.Ch., 133 A.2d 138.
The appearing defendants attacked the original complaint on the grounds that it failed to set forth either the efforts made by plaintiff to secure from her fellow stockholders such action as she desired and the reasons for her failure to obtain such action, or the reasons for not making such effort.
Following argument on defendants' motions to dismiss, I concluded that the provisions set forth in Rule 23(b) as to the pleading of efforts with stockholders cannot be ignored and accordingly determined that the original complaint must be dismissed. However, because the briefs submitted on the motions reviewed the many decisions in other jurisdictions having a derivative action procedure similar to that outlined in the part of the rule here involved, my opinion on the motions went beyond the actual necessities of the case and went on to state in a general way what seemed to me to be required of plaintiff's complaint. Thereafter, action on the motions to dismiss was delayed pending submission by plaintiff of a proposed amendment designed to remedy her original pleading. The matter of the sufficiency of such amendment is now before me for decision.
The[1] amendment alleges that demand on the stockholders for action was not necessary and would have been futile and unreasonably burdensome for the following reasons: that there are 34,340,000 shares of common stock of Phillips outstanding held by some 102,900 widely scattered stockholders, only a few of whom attend and vote at stockholder meetings. It is claimed in the amendment that it is common knowledge that many stockholders do not exercise their right to vote and that stockholders by giving proxies surrender this right to management particularly when corporate business prospers.
The amendment goes on to state that in order for plaintiff to enable a majority of the stockholders to act with full knowledge of the acts complained would require her to send out detailed printed matter and to incur the heavy expenses of a proxy fight. It is pleaded that under the circumstances it would be virtually impossible for plaintiff to obtain a majority vote in favor of the relief prayed for. The amended paragraph goes on to allege that under Delaware law the acts complained of are not subject to ratification, that a determination by the stockholders that the corporation itself should maintain the action would place the cause under the control of the individual defendants against whom relief *121 is sought and that the Phillips stockholders consequently have no means of redressing the wrongs complained of other than through this action as now maintained. In conclusion plaintiff states that the delays which would result from being required to seek stockholder action may result in the barring of the action as to certain of the defendants and that the equities of the case clearly require the Court to allow the case to proceed without demand on the stockholders.
In the case of Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827, which laid down the general principles on which Rule 23(b) is based, the Court stated:
"But, in addition to the existence of grievances which call for this kind of relief, it is equally important that before the shareholder is permitted in his own name, to institute and conduct a litigation which usually belongs to the corporation, he should show, to the satisfaction of the court, that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes * * * If time permits, or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it."
Demand on the stockholders is not necessary if such would be futile, as where the alleged wrongdoers control the corporation for which relief is sought and it would seem to be immaterial whether or not the prime wrongdoers allegedly in control are the corporate directors. Nor is demand necessary where there is no opportunity to apply to stockholders or where delay would defeat recovery, United Copper Securities Co. v. Amalgamated Copper Co., 244 U.S. 261, 37 S.Ct. 509, 61 L.Ed. 1119. Applying these basic rules in the light of the specific allegations and circumstances here presented, is demand excused in this case as plaintiff contends? Compare Escoett v. Aldecress Country Club, 16 N.J. 438, 109 A.2d 277.
The complaint as amended alleges that the acts complained of took form in 1947, thereby eliminating urgency of action as a factor. Concealment by the alleged wrongdoers is not claimed, and the complaint as amended does not claim that the defendant directors actually control corporate voting or that control exists as a "practically efficient" matter, Delaware & Hudson Co. v. Albany & Susquehanna R. R. Co., 213 U.S. 435, 29 S.Ct. 540, 53 L.Ed. 862. On the other hand plaintiff does complain of the great difficulties and expense which would necessarily confront her were she to become engaged in a proxy fight against entrenched management, however, the rule does not require that demand for corrective action by the stockholders take the form of a proxy fight. Therefore, can plaintiff's failure to take any action insofar as the stockholders are concerned be legally excused?
While the part of Chancery Rule 23(b) here involved has not been invoked prior to this case, the rule, which became effective January 1, 1948, has been in force during practically the entire period covered by the amended complaint. Plaintiff by pleading reasons for not making demand on the stockholders concedes in effect that no effort has been made. This fact is confirmed by affidavit of R. E. Arnold dated August 19, 1957, filed in support of the renewed motion to dismiss of Phillips and certain of its directors. Mr. Arnold, who has joint custody of the Phillips corporate records having to do with stockholder meetings, states that such records are conclusive as to plaintiff's inaction. He avers that plaintiff has not been present in person or by proxy at any meeting of Phillips stockholders from 1947 to the present and this is not denied. The affidavit further alleges that to affiant's knowledge *122 nobody has raised the matters here complained of at any meeting of stockholders since 1947, nor has any request been made that such matters be mentioned in proxy material sent out by management. The original complaint herein was filed on April 23, 1956, the motions to dismiss were filed on June 18, 1956, and the last annual meeting of stockholders was held in April of this year.
The complaint in addition to seeking relief from Ada Oil Company, the corporate defendant allegedly benefited by contractual arrangements with Phillips, seeks an order directing the individual defendants to account for all profits received by them or any of them as a result of the acts complained of, however, except in the case of Kenneth S. Adams, the directors are not specifically charged with profiting at their corporation's expense. Can it be said that demand on the stockholders for corrective action would have been or would now be futile?
While the Phillips director defendants are generally charged with responsibility for approving fraudulent dealings with Ada Oil Company, the only director charged with benefiting from the acts complained of is Kenneth S. Adams, who on information and belief is stated to be the owner of an interest in a portion of Ada's capital stock, Kenneth Adams, Jr., allegedly being the majority stockholder of such corporation. The other Phillips directors, on the other hand, are merely charged with knowledge of the wrongful and illegal acts complained of, and of ratifying and approving these acts despite such knowledge because of the domination of Kenneth S. Adams. According to the answer to the sequestrator's report all of the Phillips directors other than Charles A. Lemp and[2] Eugene E. duPont are[3] stockholders of Phillips. Apart from the general allegation of domination by Kenneth S. Adams the complaint is silent as to any reason for such directors' willingness to injure themselves financially by injuring their corporation. Compare, Gropper v. North Central Texas Oil Company, Del.Ch., 114 A.2d 231.
Demand on the directors is conceded to be excused because of the general allegations of wrongdoing on their part. In my opinion, however, only one director having been charged with profiting at the expense of his corporation, the picture presented in the complaint, namely one of unexplained subservience on the part of the other members of the board, is of a nature likely to attract stockholder interest if brought to their attention. In other words I do not think demand on the stockholders under the factual allegations before me would necessarily be futile despite the Delaware rule that stockholders absent unanimous approval cannot ratify the spending of corporate funds for an allegedly invalid purpose, Campbell v. Loew's Inc., Del.Ch., 134 A.2d 565. Furthermore, the use of unrestricted management proxies to vote down proposed action on a stockholder demand for rectification of the matters complained of would be of doubtful validity, Rice & Hutchins v. Triplex Shoe Co., 16 Del.Ch. 298, 147 A. 317.
But be this as it may, here there has been no effort whatsoever with fellow stockholders in a case in which, in my opinion, some effort should have been made. It is not incumbent on me to surmise what proper and corrective action, if any, might result from demand. The fact is no demand has been made, and in my opinion sufficient reasons for failure to make the effort have not been pleaded.
Plaintiff alleges generally that delays involved in seeking stockholder action *123 may result in the barring of the right of action against certain defendants, but this vague allegation is no justification for not complying with the rule.
On notice an order dismissing the amended complaint for failure to state a claim upon which relief can be granted will be entered.
NOTES
[1] Notwithstanding the fact that the issue before me could be disposed of on the present record by allowing or refusing leave to amend, I think that orderly procedure requires that the amendment be allowed and this has been done. The parties have stipulated that the briefs and argument on plaintiff's motion to amend and the briefs and argument on the motion to dismiss the original complaint shall be deemed to apply to the testing of the sufficiency of the amended complaint and further that the original motions to dismiss shall be directed against the complaint as amended and this will be done. Compare E.M. Fleishmann Lumber Corp. v. Resources Corp. International, 33 Del.Ch. 587, 98 A.2d 506; Id., Del.Ch., 106 A.2d 205.
[2] Mr. duPont being a resident of Delaware was personally served and the record is silent as to his interest in Phillips stock.
[3] The other directors, according to the answer to the sequestrator's report, as of May 24, 1956 held a beneficial interest in 54,123 shares of Phillips stock, Kenneth S. Adams owning 27,634 such shares.