ANNE K. AARON and MARTHA FRIEDBERG, ROBERT FRIEDBERG, minors, by EVELYN G. FRIEDBERG, their guardian ad litem,
Plaintiffs,

*vs.*

CRITCHELL PARSONS, BEAVER LODGE OIL CORPORATION, a corporation of the State of Delaware, and REPUBLIC NATIONAL BANK OF DALLAS, a corporation of the State of Texas,
Defendants.

*New Castle, March 7, 1958*

*George T. Coulson,* Wilmington, for plaintiffs.

*Carroll F. Poole,* Wilmington, for defendant, Critchell Parsons.

*Howard L. Williams,* Wilmington, for defendant, Beaver Lodge Oil Corp.

*William S. Potter,* Wilmington, for defendant, Republic Nat. Bank of Dallas.

MARVEL, Vice Chancellor: This derivative stockholders' suit was filed on December 13, 1956, having been preceded by a petition of December 11 in which Evelyn Friedberg asked that her children as owners of Beaver Lodge stock be permitted through the medium of her guardianship to be joined as parties plaintiff in this contemplated derivative suit. On December 13, Mrs. Friedberg was named guardian ad litem for her children in the proposed action, and the complaint was then filed.

The complaint charged Critchell Parsons, president of Beaver Lodge Oil Corporation, with having profited personally at the expense of the corporation by means of his domination of the board of directors and the cooperation of Republic National Bank of Dallas. Relief was sought against Parsons and the bank in the form of an order requiring them to pay to Beaver Lodge Oil Company the sum of $673,000 allegedly owed by them to the corporation jointly and severally. The complaint also prayed for the cancellation of an option granted to

Republic National for the purchase of 200,035 shares of Beaver Lodge common stock at a price of $1.00 per share. On December 17, as a result of a vote taken at a stockholders' meeting a new board of directors, including Parsons but independent of him, came into office and elected Merle Thorpe, Jr., president.

On January 28, 1957, Republic National Bank moved for summary judgment of dismissal of this action as to itself charging that plaintiffs had not exhausted their remedies within the corporation prior to bringing suit as required by *Rule* 23(b) of this Court, *Del.C.Ann.* The following day the attorneys for plaintiffs and the bank entered into a court approved stipulation postponing the bank's time for answer or other pleading until twenty days after disposal of the bank's motion, but no attempt was made to have such motion briefed and set for argument.

On February 14, Beaver Lodge moved for a stay of proceedings for a period of ninety days, citing *Rule* 23(b) and urging that the interests of the corporation would be best served by giving new management an opportunity to refinance corporate indebtedness and to resolve disputes between Beaver Lodge and Republic National Bank but as in the case of the bank's motion this motion was likewise not brought on for argument.

Certain other applications, including motions for the granting of more time, were thereafter made, none of which is pertinent to the present issue. Finally, on September 23, 1957 counsel for plaintiffs, Beaver Lodge and Republic National Bank jointly submitted to the Court a proposed memorandum of settlement dated July 17, 1957 under the terms of which, according to the joint petition "* * * the financial problems of Beaver will be favorably resolved on the condition that this action be dismissed with prejudice as to Republic".

The petition prayed that it be set down for hearing after notice to stockholders and that an order thereafter be entered dismissing the action with prejudice as to Republic National Bank. A proposed letter to stockholders from management praising the settlement as

favorable to Beaver Lodge was attached to the petition and a proposed notice to stockholders submitted with the petition was approved by the Court in connection with the application for a hearing date, which was fixed for October 10.

At the hearing, Mr. Parson's attorney objected to the settlement and was given more time within which to formalize such objections. Thereafter, on October 24, Parsons' motion to dismiss the settlement proceedings was denied, the settlement agreement was approved and the action dismissed with prejudice as to Republic National Bank. Such order also released property of the bank which had been sequestered for the purpose of compelling its appearance in this proceeding.

Plaintiffs claim that they are entitled to counsel fees for their part in bringing about a settlement with Republic National Bank allegedly worth $724,000. They also claim $1,458.78 for their necessary disbursements. Counsel for the corporation and counsel for Mr. Parsons contend that plaintiffs, having allegedly brought this derivative action for their own selfish purposes at a time when new management was about to come into office and thereafter promptly and efficiently settle with Republic National Bank, are entitled to nothing, citing *Rule* 23(b) of this Court and *Schreiber v. Jacobs, D.C. E.D.Mich.,* 121 *F.Supp.* 610. The corporation further contends that the settlement is actually worth some $178,500 and that in any event because of the corporation's precarious financial position it is unable to pay counsel fees had they in fact been earned.

While *Rule* 23(b) of this Court requires stockholders to first seek redress for corporate wrongs within the corporation before suing derivatively, *Mayer v. Adams,* 36 *Del.Ch.* 466, 133 *A.2d* 138 and *ante p.* 1, 135 *A.2d* 119, such rule, as held in the cited case, is clearly procedural and in this case no attempt was made by management to take over control of this case or to have it dismissed prior to the settlement. Paragraph 5 of the July 17, 1957 memorandum of agreement provided as follows:

"5. It is a condition of this agreement that prior to closing Civil Action No. 785 in the Court of Chancery of New Castle

County, Delaware, styled Anne K. Aaron et al, Plaintiffs, vs. Critchell Parsons et al, Defendants, shall have been dismissed with prejudices as to Republic, and all sequestration proceedings in such suit involving Republic or its interest in any shares of stock, notes or other assets either held by or pledged to Republic, whether evidencing or securing the indebtedness owing by Beaver Lodge or by Critchell Parsons, shall have been effectually released and removed, and all such orders shall have become final. Beaver Lodge agrees to use its best efforts to obtain the dismissal of such action and the release of such sequestration proceedings at the earliest date practicable."

In view of the language of this paragraph, I believe that counsel for plaintiffs are entitled to be compensated for the part played by this suit insofar as it contributed to the benefits received by the corporation in the settlement. But what exactly was this part and what contribution, if any, did this action make to the final settlement?

Preliminarily, apart from the requirements of *Rule* 23(c), it can hardly be denied that the danger of future law suits is greatly minimized if not eliminated by judicial approval of settlement of a derivative suit after adequate notice to stockholders. As stated in an article by George D. Hornstein, 47 *Columbia Law Review* 1 at p. 20.

"Settlement presupposes approval by the board of directors of the beneficiary corporation. Even a board recognized as independent is wise not to settle a claim which is also the subject of a stockholders' suit, without notice to all stockholders and a judicial determination as to the fairness of the settlement. This precaution has been practiced even where the good faith of the new board had already been shown by their having the corporation institute an independent suit."

Here, while there is absolutely no doubt in my mind but that Merle Thorpe, Jr., representing new management, negotiated the settlement and that the obtaining by him of commitments for new financing for the corporation contributed an essential element in the

actual making of such settlement, yet the fact that this Delaware action was pending at the time of the settlement may not be ignored.

Plaintiffs' status in this case is not comparable to that of the supervising committee of stockholders in *Perrine v. Pennroad Corporation*, 29 *Del.Ch.* 423, 51 *A.2d* 327. Plaintiffs were the ones who brought Republic National Bank into court. However, new management having thereafter promptly and effectively proceeded to assert its right to negotiate with Republic, the role of plaintiffs' counsel in the actual creation of the fund here involved was necessarily passive rather than active, indirect rather than direct. Accordingly, plaintiffs' counsel cannot be compensated on the basis of having personally salvaged an ascertainable part of a calculable fund.

Reverting to the actual contribution of this suit, it is significant that while Thorpe had in August 1956 independently dug up much of the material which apparently implicated Republic National Bank shortly before plaintiffs had learned of Parsons' diversions of funds with the apparent cooperation of the bank, no legal action was then taken by Thorpe or his associates. On the other hand, after this action was filed, no genuine effort was made by any party to have it dismissed.

I conclude therefore that the mere pendency of this suit with its implications coupled with its contemplated dismissal as to Republic National Bank after notice to stockholders served in part to induce the bank to settle, but that inasmuch as the part played by the suit was largely procedural and unaccompanied by responsible legal activity on the part of plaintiffs' attorneys, their fees should not be directly related to the size of the settlement.

Plaintiffs are not entitled to be compensated in this cause for their attorneys' efforts in another case, namely *Friedberg v. Parsons, C.A.* 728 in this Court.

I allow plaintiffs a fee for their counsel in this action of $15,000 and expenses of $1,458.78.

Order on notice.