ITEK CORPORATION, a Delaware corporation, Plaintiff,

v.

CHICAGO AERIAL INDUSTRIES, INC., a Delaware corporation, Defendant.

ITEK CORPORATION, a Delaware corporation, Plaintiff,

v.

BOURNS, INC., a California corporation, Defendant.

Superior Court of Delaware.

New Castle.

Sept. 3, 1969.

---

Alexander L. Nichols, and Lewis S. Black, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for the plaintiff, Itek Corporation. (Harold M. Willcox, of Herrick, Smith, Donald, Farley & Ketchum, Boston, Mass., of counsel).

E. N. Carpenter, II, and Charles F. Richards, Jr., of Richards, Layton & Finger, Wilmington, for the defendants, Chicago Aerial Industries, Inc. and Bourns, Inc.

## OPINION

STOREY, Judge.

This is an action for breach of an alleged agreement for the sale of corporate assets. Defendant, Chicago Aerial Industries, Inc., who filed its answer on May 10, 1965, now seeks leave to amend its answer, including as an additional defense an allegation that the alleged contract violated Federal anti-trust laws, and was thus unenforceable. Plaintiff opposes defendant's amendment on the grounds that the defense raised is not legally sufficient, that its assertion is untimely, that it will prejudice plaintiff and complicate the trial of the case.

There are two issues in this case: First, in a breach of contract action, may the legal sufficiency of a proposed defense of illegality of the contract under anti-trust laws be determined in a ruling on whether leave may be granted to assert that defense, and, second, does such an amendment's resulting prejudice to plaintiff, its effect on the complexity of trial as well as defend-

ant's delay in its assertion, preclude permitting the amendment?

■ The authorities are in conflict on the question of whether the legal sufficiency of a proposed amendment may be tested on a motion for leave to amend. See 3 Moore's Federal Practice, Para. 15.08 (4) p. 902 and cases cited therein. Delaware cases indicate that "Ordinarily, the sufficiency of pleadings should not be tested on a motion to amend * * *" Woodcock v. Udell, 9 Terry 69, 97 A.2d 878, 882 (Del.Super.1953). See also, E. M. Fleischmann Lumber Corp. v. Resources Corp. Int., 34 Del.Ch. 509, 106 A.2d 205 (1954). However, where the insufficiency of the amendment is obvious on its face, the legal sufficiency question should be ruled upon at the time of the motion for leave to amend. Canister Co. v. National Can Corporation, 71 F.Supp. 45 (D.Del.1947). See also, 1A Barron & Holtzoff, Federal Practice and Procedure, Sec. 447, pp. 747–748. As stated in 3 Moore's Federal Practice, Para. 15.08(4) at p. 905:

"If a proposed amendment is objected to on the ground of legal insufficiency, the court should apply the same test that is used when the legal sufficiency of a pleading is challenged under Rule 12(b) (6) or (f); if there is no set of facts which could be proved under the amendment which would constitute a valid and sufficient claim or defense, as the case may be, leave should be denied."

■ After consideration of Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429, 3 L. Ed.2d 475 (1959), as well as other cited cases, the Court agrees that the defense of illegality under anti-trust laws is a narrow one. See also Continental Wall Paper Co. v. Voight & Sons Co., 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486 (1909). It nevertheless cannot be said of the instant case, that there is no set of facts under which the proposed anti-trust defense would be valid. See Tampa Electric Company v.

Nashville Coal Company, 276 F.2d 766 (6th Cir.1960), reversed on other grounds, 365 U.S. 320, 81 S.Ct. 623, 5 L.Ed.2d 580 (1961). Accordingly, in ruling upon the motion for leave to amend, the Court cannot find the proposed amendment legally insufficient.

■■ The second issue to be resolved is whether the amendment should be disallowed due to defendant's delay in its presentation, when coupled with the amendment's effect on the complexity of trial and the degree to which it prejudices plaintiff. Such a decision is solely within the Court's discretion. Bellanca Corporation v. Bellanca, 3 Storey 378, 169 A.2d 620 (Supreme Ct.Del.1961). There can be no doubt that defendant delayed in the presentation of its amendment. However, delay alone is not necessarily the decisive factor. See 1A Barron & Holtzoff, Federal Practice & Procedure, Sec. 446, p. 733, note 58, and cases cited therein. Likewise, as stated in 3 Moore's Federal Practice, Para. 15.08(4) at p. 901: "* * * the mere fact that an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced."

■ Under the circumstances of the instant case, where virtually the same facts upon which the defense is based already must be met by plaintiff, it is difficult to see how the subject amendment could cause plaintiff prejudice.

Likewise, the Court fails to appreciate how the amendment would bring about such a substantial increase in the complexity of trial as to preclude its assertion. Given the liberal amendment policy of the Superior Court Rules and the lack of prejudice to plaintiff, defendant's motion for leave to amend is granted.

It is so ordered.