Julie A. DUNFEE, Plaintiff,

v.

BLUE ROCK VAN & STORAGE, INC., Defendant.

Superior Court of Delaware, New Castle.

April 30, 1970.

John Biggs, III, Wilmington, for plaintiff.

Roger P. Sanders, Wilmington, for defendant.

PER CURIAM.

Plaintiff sued defendant in negligence for loss of her goods by fire while they

were stored in defendant's warehouse. Defendant answered, pleading non-liability by reason of arson by a public enemy. It is undisputed that the loss occurred during civil disorders in Wilmington immediately following the assassination of Martin Luther King, Jr. on April 4, 1968. Following completion of the usual pretrial discovery procedures, trial by jury commenced on February 10, 1970. On February 12, 1970, the jury returned a verdict for plaintiff in the amount of $5,500.00.

On February 10, 1970, the morning when the jury trial began, the defendant moved to amend his answer, pleading a limitation of liability by virtue of a warehouse receipt, signed by the plaintiff when her chattels were picked up, and establishing the maximum liability of the warehouseman at $1,000.00. Plaintiff objected upon the grounds that (1) limitation of liability is an affirmative defense which must be specifically raised in the pleadings to avoid surprise, and (2) the alleged warehouse receipt upon which defendant relies is insufficient in that it fails to conform to the requirements of such a receipt as set forth in Section 7–202 of the Uniform Commercial Code. The Court permitted record evidence to be taken on the limitation issue outside the presence of the jury, and reserved decision on whether or not the answer could be amended to conform to the proof.

The evidence disclosed that the plaintiff knew and understood that defendant's coverage was limited to $1,000.00 and, based upon that information she purchased an additional separate $4,000.00 insurance policy to cover the loss of her chattels. The warehouse receipt, signed by the plaintiff at the time her goods were picked up, limited liability to ".60 per pound, per article". Plaintiff's goods weighed 4,340 pounds. The two issues for determination are whether or not under the circumstances defendant may amend its answer without prejudice to plaintiff, and if so, whether or not the warehouse receipt sufficiently complies with the requirements of Section 7–202 of the Uniform Commercial Code.

■ The defense of limitation of liability under a warehouse receipt is in the nature of an offset, that is, a partial defense requiring a reduction in the amount of damages claimed. Where the allegation of negligence is proven, the actual monetary loss is offset by the contractual limitation of damages. Such a defense must be raised in the pleadings, but is not, strictly speaking, an affirmative defense, since it does not constitute an avoidance of liability; nor is it a counterclaim, since the contract does not provide the defendant with a completely separate cause of action against this plaintiff growing out of a different and distinct factual situation.

■ Defendant herein raised this partial defense of offset at a very late moment in the proceedings, and since it is not an affirmative defense, the Court is bound by Rule 15(b), Del.C.Ann., which provides, in part, as follows:

" * * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. * * * "

It is the general policy in this jurisdiction to be liberal in permitting amendments to pleadings unless the opposing party would be seriously prejudiced thereby. E. K. Geyser Co. v. Blue Rock Shopping Center, Inc., 229 A.2d 499 (Del.Super.1967); Itek Corp. v. Chicago Aerial Industries, 257 A.2d 232 (Del.Super.1969).

It is difficult to see how this plaintiff can claim surprise or severe prejudice when, by her own testimony, she admitted knowledge of the limitation of liability and

purchased extra, additional insurance coverage to protect herself against loss. Although better practice requires that defenses be set forth earlier in the proceedings, the Court finds in this case that defendant's motion to amend under Rule 15(c) should be sustained, for the reason and upon the grounds that plaintiff has not suffered surprise or prejudice thereby.

. The next issue for determination is whether or not the contract of storage is adequate as a limitation of liability under Section 7–204(2) of the Uniform Commercial Code (Title 5A, Delaware Code), as follows:

"(2) Damages may be limited by a term in the warehouse receipt or storage agreement limiting the amount of liability in case of loss or damage, and setting forth a specific liability per article or item, or value per unit of weight, beyond which the warehouseman shall not be liable; provided, however, that such liability may on written request of the bailor at the time of signing such storage agreement or within a reasonable time after receipt of the warehouse receipt be increased on part or all of the goods thereunder, in which event increased rates may be charged based on such increased valuation, but that no such increase shall be permitted contrary to a lawful limitation of liability contained in the warehouseman's tariff, if any. No such limitation is effective with respect to the warehouseman's liability for conversion to his own use."

Plaintiff argues that the language employed in the receipt and contract in this case, ".60 per pound, per article" fails to measure up to the specific requirements set forth in the statute, a limitation "by article or item, or value per unit of weight". It is plaintiff's contention that the limitation in this receipt is by weight *and* by article, rather than by weight *or* article. The Court finds the plaintiff's argument to be without merit.

This section of the Code was adopted to specify that a bailee could, in fact, limit his liability for loss of goods without impairing his obligation of reasonable care. Enactment of Uniform Commercial Code Section 7–204 clarified an ambiguity regarding this issue contained in the former 6 Delaware Code § 503 (U.W.R.A. § 3).

In World Products, Inc. v. Central Freight Service, Inc., 222 F.Supp. 849 (D. C.N.J., 1963) the court upheld a warehouse receipt limiting liability under Uniform Commercial Code Section 7–204(2) (Title 12A, N.J.S.A.) as follows:

"* * * the actual valuation of the goods at the time received for storage, but not to exceed 500 times the base storage rate per month of the damaged goods * * *."

The court there upheld a limitation of liability based upon storage rates, number of articles stored, *and* total weight of the articles.

Where the storage contract fairly spells out the limitation of liability and contains a provision for increased charges and additional insurance where an excess value is declared, there is substantial compliance with the requirements of the statute. The Court cannot read the statute to intend that a monetary limitation must be based upon either item or weight, without any possibility of using both, even though circumstances might so require. The limitation was clearly stated, the plaintiff understood its significance, and she availed herself of the opportunity to secure additional protection. All parties understood that the limitation of liability, despite items, articles or weight, would not exceed $1,000.00. Insofar as the storage contract limited the warehouseman's liability for loss it complied with the requirements of Section 7–204(2), of the Uniform Commercial Code (Title 5A, Delaware Code, § 7–204(2)).

In view of the conclusions of the Court herein set forth, counsel for defendant is directed, after notice, to present a draft of an appropriate order to give effect to said conclusions.