# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUTILIO RAMIREZ, | ) | |
|      **Plaintiff,** | ) | |
|     v. | ) | |
| TODD SHEININ and | ) | |
| JENNIFER SHEININ, | ) | |
|     **Defendants/Third Party** | ) | |
|     **Defendants,** | ) | |
|     v. | ) | **C.A. No.: N21C-04-198 FJJ** |
| BEAZER HOMES, LLC and | ) | |
| FINE LINE TRIM, LLC, | ) | |
|     **Third-Party Defendants,** | ) | |
|     v. | ) | |
| AZ SANTOS & CONSTRUCTION | ) | |
| REMODELING, LLC, | ) | |
|     **Fourth-Party Defendants.** | ) | |

*SUBMITTED: May 30, 2023*
*DECIDED: June 20, 2023*

## OPINION AND ORDER

*Upon Consideration of Plaintiff's Motion to Amend:*
### GRANTED

Tabatha L. Castro, Esquire, of THE LAW OFFICES OF TABATHA L. CASTRO, Newark, Delaware, for Plaintiff Rutilio Ramirez.

Louis J. Rizzo, Esquire, and Matthew Hindley, Esquire, of REGER, RIZZO & DARNALL, LLP, Wilmington, Delaware, for Defendant Fine Line Trim, LLC.

Wade A. Adams, III, Esquire, of THE LAW OFFICES OF WADE A. ADAMS, III, Newark, Delaware, for Defendant Jennifer Sheinin.

Karl R. Hill, Esquire, of SEITZ, VAN OGTROP & GREEN, PA, Wilmington, Delaware, for Third-Party Defendant Beazer Homes, LLC.

Roger D. Landon, Esquire, of MURPHY & LANDON, PA, Wilmington, Delaware, for Fourth-Party Defendant AZ Santos Construction & Remodeling, LLC.

**JONES, J.**

1

## INTRODUCTION

Before the Court is Plaintiff Rutilo Ramirez's motion to amend the complaint in order to assert direct claims against third-party Defendants Beazer Homes, LLC ("Beazer Homes") and Fine Line Trim, LLC ("Fine Line"). Beazer Homes and Fine Line are already parties to this action via a third-party Complaint filed by original Defendants Todd and Jennifer Sheinin (the "Sheinins").

At issue here is whether Mr. Ramirez's amended complaint satisfies the requirements of Superior Court Civil Rule 15(c). If the new claims relate back to the filing of the original complaint, then they are timely; if not, they are time barred.

For the reasons below, the Court finds Mr. Ramirez has satisfied Rule 15(c)'s requirements. Accordingly, his motion must be **GRANTED**.

## FACTUAL AND PROCEDURAL OVERVIEW

On August 23, 2019, Mr. Ramirez fell and sustained injuries while working on a construction site at the Harbor Crest residential community in Selbyville, Delaware.[1] Beazer Homes, the developer of the construction project, subcontracted Fine Line to complete, among other things, all of the siding trim, molding, and related construction work on the project. Fine Line, in turn, subcontracted AZ Santos & Construction Remodeling, LLC ("AZ Santos") to complete at least a portion of that work, including the trim and molding.[2]

---

[1] D.I. 1.

[2] Mr. Ramirez is currently pursuing a worker's compensation claim against AZ Santos before the Industrial Accident Board. *See* D.I. 57 Ex. B.; IAB Case No. 1496558.

One year later, Mr. Ramirez filed a complaint in this Court (the "Original Complaint") solely against the Sheinins, alleging they were liable for his injuries as owners of the residence located at 22021 Crestview Drive in Selbyville.[3] In the Original Complaint, Mr. Ramirez claimed he was employed by fourth-party defendant AZ Santos at the time of the incident.

The Sheinins answered the Original Complaint on November 2, 2021. The answer included a third-party complaint (the "Third-Party Complaint") against Beazer Homes and Fine Line.[4] The Sheinins also moved for summary judgment based on the now-unopposed assertion that the accident did not occur on their property.[5] According to public records, the Sheinins sold and closed on their Harbor Crest property on October 9, 2018.

Beazer Homes responded to the Third-Party Complaint on March 7, 2022, and Fine Line asserted a fourth-party complaint against AZ Santos on August 12, 2022. Also in August 2022, the Sheinins answered Mr. Ramirez's discovery and stated – twenty-four times – that they did not own the property in question. From the docket, it appears Mr. Ramirez did nothing in response to the Sheinins' interrogatory responses.[6] Now, however, he has filed a motion to amend in order to bring direct causes of action against Beazer Homes and Fine Line.[7]

---

[3] D.I. 1.

[4] Mr. Ramirez did not seek to amend the Original Complaint at this time.

[5] The Court granted the motion as unopposed on May 30, 2023.

[6] During the oral argument of this motion, however, Mr. Ramirez's counsel advised that she immediately reached out to Mr. Ramirez to confirm the location of the accident upon receipt of the Sheinins' interrogatory responses. According to counsel, Mr. Ramirez immediately reaffirmed the location of the incident as the Sheinins' address.

[7] At Mr. Ramirez's March 31, 2023 deposition, he testified that the Harbor Crest house he was working on at the time of the accident was unoccupied and still under construction. It is now apparent to both Mr. Ramirez and his

**STANDARD OF REVIEW**

Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when:

(1) Relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) The amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by statute . . . the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."[8]

The purpose of Rule 15 is to encourage the disposition of litigation on its merits; a decision to permit or deny an amendment is left to the discretion of the trial judge.[9] It is the general policy of this Court to be liberal in permitting amendments to pleadings unless the opposing party would be seriously prejudiced thereby.[10]

**ANALYSIS**

Both Beazer Homes and Fine Line oppose Mr. Ramirez's amendment to assert direct causes of action against them. Because it is undisputed that Mr. Ramirez satisfied the first two prongs of the Rule 15(c) test, the battle here is contested, as it often is, over Rule 15(c)'s third factor.

---

counsel that the accident did not (and could not have) occurred at the Sheinins' address because their home was completed long before the day of Mr. Ramirez's injury.

[8] *Lorenzo v. Kirk*, 2022 WL 17076224, at *1 (Del. Super. Nov. 18, 2022) (citing Super. Ct. Civ. R. 15(c)).

[9] *Grand Ventures v. Whaley*, 632 A.2d 63, 72 (Del. 1993) (citing *Bellanca Corp. v. Bellanca*, 169 A.2d 620, 622 (Del. 1961)).

[10] *Dunfee v. Blue Rock Van & Storage*, 266 A.2d 187, 188 (Del. Super. 1970).

The relation-back provision of Rule 15(c), insofar as it concerns amendments that add parties as defendants, is intended to afford a remedy for an innocent error by the plaintiff in misidentifying the defendant.[11] When the rule is applied in a given case, the effect is to enlarge the statute of limitations period.[12] If the inherent tension between the rule and a limitations statute is to be fairly and consistently resolved, then the rule must be applied according to its terms.[13] Lack of knowledge regarding a known party is not a mistake.[14] When a plaintiff wishes to add a new party, as opposed to correcting a previously misnamed party, the Court focuses on the new party's appreciation of the fact that the failure to include it in the original complaint was an error and not a deliberate strategy.[15] The "mistake requirement is designed to ensure that the new defendant knew its joinder was a distinct possibility."[16]

And while Rule 15 motions to amend commonly involve mistakes about the names of entities and successor entities, the scope of the rule is much broader.[17] Delaware's approach regarding what constitutes mistake under Rule 15(c) turns on whether the plaintiff can demonstrate intent to sue the proper parties. For example, in *Cordrey v. Doughty*, an injured plaintiff successfully amended an original complaint to include a new party that the plaintiff only learned of through answers to interrogatories

---

[11] *Johnson v. Paul's Plastering, Inc.*, 1999 WL 1240893, at *2 (Del. Super. Oct. 8, 1999).
[12] *Mergenthaller, Inc. v. Jefferson*, 332 A.2d 396, 398 (Del. 1975).
[13] *Id.*
[14] *Walley v. Harris*, 1997 WL 817867, at *2 (Del. Super. Nov. 24, 1997).
[15] *Johnson*, 1999 WL 1240893, at *2.
[16] *Id.*
[17] *Cordrey v. Doughty*, 2017 WL 4676593, at *5 (Del. Super. 2017). *See also Pierce v Williams et al.*, 2018 WL 3655863, at *3 (Del. Super. 2018).

5

provided after the complaint was filed.[18]  Similarly, in *Fraser v. G-Wilmington Associates L.P.*,[19] this Court allowed a plaintiff to add a previously-unknown defendant because it was apparent the defendant knew or should have known the plaintiff would have filed suit against it, and it was clear the plaintiff intended to sue all parties involved with the accident in which she was injured.[20]  As noted by the *Fraser* Court, "[r]elation back is not limited to cases of misnomer."[21]  Indeed, relation back extends to the addition of parties not previously named or attempted to be named, as well as named, original parties.[22]

By contrast, in those Delaware cases where the Court found no sufficient mistake, the plaintiff knew the identities of the putative defendants at the time they initiated the lawsuit but did not demonstrate an intent to sue the additional parties until it was too late.[23]

Here, Beazer Homes and Fine Line maintain that Mr. Ramirez's delay in amending the Original Complaint demonstrates a conscious decision to keep this action as a simple claim against the Sheinins.  In doing so, they point to the numerous instances in the record where Mr. Ramirez should have realized the Sheinins did not own the Harbor Crest property, and, yet, failed to take any action in response.

---

[18] *Id.* at *5.
[19] 2017 WL 365500 (Del. Super. Jan. 24, 2017).
[20] *Id*. at *6.
[21] *Id.*
[22] *Id.*
[23] *Walley*, 1997 WL 817867, at *2; *Johnson*, 1999 WL 744427, at *2; *Trone v. Delaware Alcoholic Beverage Control Comm'n*, 2000 WL 33113799, at *5 (Del. Super. Dec. 28, 2000), aff'd, *Trone v. Delaware Alcoholic Beverage Control Comm'n*, 757 A.2d 1278 (Del. 2000).

Mr. Ramirez, on the other hand, argues that he addressed the ownership issue with his counsel when the Sheinins served discovery responses in August 2022. At that time, he remained unwavering in his belief that the accident occurred at the Sheinins' property, and changed his mind only after the Sheinins' counsel brought the ownership issue to his attention during his deposition. He claims that he filed the motion to amend before the Court upon realizing he sued the wrong property owners.

Relation back principles require the Court to ascertain what was in Mr. Ramirez's mind – or, more to the point, what was in his counsel's mind – with regards to Beazer Homes and Fine Line. Certainly, the lack of *any* formal action on Mr. Ramirez's part from August 2022 to the time of his deposition makes this motion much harder than it ought to be. Had Mr. Ramirez moved to amend near the time he received the Sheinins' interrogatory responses in August 2022, this issue would not have been a close call.

But the months-long delay to May 2023 (unnecessarily) complicates things. Given the contentions recited above, however, the Court finds Mr. Ramirez has satisfied the third prong of Rule 15(c). Ostensibly, it was Mr. Ramirez's intention to sue those responsible for the construction site, and, but for his mistake, he would have done that.[24]

This is not a case where the third-party defendants were unaware of the lawsuit. They were active participants in it from almost the beginning. Accordingly, Mr. Ramirez has satisfied Rule 15(c)'s requirements regarding relation back consequences. But only just so.

---

[24] The Court is not persuaded that, under these facts, a failure to meet the TSO's motion to amend deadline is grounds for dismissal of the lawsuit. If the Court were to so find, dismissal of the claim would be necessary. *Christian v. Counseling Resource Associates, Inc.,* 60 A.3d 1083 (Del. 2013).

**CONCLUSION**

For the reasons stated above, Mr. Ramirez's motion for leave to file an amended complaint is **GRANTED**.

**IT IS SO ORDERED.**

_/s/ Francis J. Jones, Jr._

Francis J. Jones, Jr., Judge

cc:     File & ServeXpress