**Pauline W. KITTS, as Personal Representative of the Estate of Willard F. Kitts, Deceased, Plaintiff–Appellant,**

v.

**GENERAL MOTORS CORPORATION, Defendant–Appellee.**

Product Liability Advisory Council, Inc., Automobile Importers of America, Inc., and Motor Vehicle Manufacturers Association of the United States, Inc., Amicus Curiae.

**Wayne M. RICHART, as Personal Representative of the Estates of Norman J. Richart, Deceased, and Jean R. Richart, Deceased, Plaintiff–Appellee,**

v.

**FORD MOTOR COMPANY, Defendant–Appellant.**

The Association of Trial Lawyers of America; Trial Lawyers for Public Justice; and United States of America, Amici Curiae.

Nos. 87–2517, 88–1900.

United States Court of Appeals, Tenth Circuit.

May 19, 1989.

Joseph Goldberg of Carpenter & Goldberg, P.A., Albuquerque, N.M. (William H. Carpenter and David J. Stout of Carpenter & Goldberg, P.A., and William E. Snead of Ortega & Snead, P.A., Albuquerque, N.M., with him on the briefs), for plaintiff-appellant in No. 87–2517.

David M. Heilbron of McCutchen, Doyle, Brown & Enersen, San Francisco, Cal. (Leslie G. Landau of McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., Thomas E. Fennell of Jones, Day, Reavis & Pogue, Dallas, Texas; John P. Raleigh and Nich-

---

olas J. Wittner of General Motors Corp., Detroit, Mich., Russell D. Mann and Bob F. Turner of Atwood, Malone, Mann & Turner, Roswell, N.M., with him on the brief), for defendant-appellee in No. 87–2517.

(William H. Crabtree and Edward P. Good, Detroit Mich., Charles H. Lockwood II, Arlington, Va., and Paul M. Bator and Stephen M. Shapiro of Mayer, Brown & Platt, Chicago, Ill., on the brief, for amicus curiae in No. 87–2517.)

Malcolm E. Wheeler of Skadden, Arps, Slate, Meagher & Flom, Los Angeles, Cal. (Robert G. McCorkle of Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M., with him on the briefs), for defendant-appellant in No. 88–1900.

Walter J. Melendres of Montgomery & Andrews, P.A., Santa Fe, N.M., for plaintiff-appellee in No. 88–1900.

(Arthur H. Bryant of Trial Lawyers for Public Justice, Washington, D.C., on the brief, for amicus curiae Trial Lawyers for Public Justice, P.C. in No. 88–1900.)

(Larry E. Coben of Litvin, Blumberg, Matusow & Young, Philadelphia, Pa., and Eugene E. Pavalon, President, The Ass'n of Trial Lawyers of America, Chicago, Ill., on the brief, for amicus curiae Association of Trial Lawyers of America in No. 88–1900.)

(B. Wayne Vance, Gen. Counsel, and Kenneth N. Weinstein, Deputy Asst. Gen. Counsel, U.S. Dept. of Transp., Erika Z. Jones, Chief Counsel, and David W. Allen, Asst. Chief Counsel, National Highway Traffic Safety Admin., Washington, D.C., William L. Lutz, U.S. Atty., D. New Mexico, John R. Bolton, Asst. Atty. Gen., and Douglas Letter, Appellate Litigation Counsel, Civil Div., Dept. of Justice, Washington, D.C., on the brief, for amicus curiae U.S. in No. 88–1900.)

Before McKAY, McWILLIAMS, and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

*Kitts v. General Motors Corp.*, No. 87–2517, and *Richart v. Ford Motor Co.*, No. 88–1900, were separately submitted to us. On our own motion we consolidate for purposes of disposition of the preemption issue before us in both cases.

Although the cases before us are not factually identical, appellants raise the same issue on appeal: whether section 103(d) of the National Traffic and Motor Vehicle Safety Act (the "Safety Act"), 15 U.S.C. § 1381 et seq. (1982), preempts state tort claims against automobile manufacturers who comply with Federal Motor Vehicle Safety Standards ("FMVSS") regarding occupant crash protection but fail to install air bags as well. *See* 15 U.S.C. § 1392(d) (1982)[1] and FMVSS 208, 49 C.F.R. § 571.208, S4.1.2 (1987).[2] In each case the plaintiff sued an automobile manufacturer under New Mexico tort law alleging that an automobile manufactured by it was negligently and defectively designed because it did not have a passive restraint system, *i.e.,* air bags, in addition to or instead of federally approved safety belts.[3]

Both defendants moved for partial summary judgment on the ground that the

---

**1.** Section 1392(d) states in pertinent part:

Whenever a Federal motor vehicle safety standard established under this subchapter is in effect, no State or political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any motor vehicle or item of motor vehicle equipment any safety standard applicable to the same aspect of performance of such vehicle or item of equipment which is not identical to the Federal standard.

15 U.S.C. § 1392(d) (1982).

**2.** FMVSS 208 details the occupant crash protection options a manufacturer may install in passenger vehicles in order to comply with federal motor vehicle safety standards. At the time these automobiles were manufactured, a manufacturer could comply with FMVSS 208 by installing (1) a complete passive protection system for front and lateral crashes; (2) passive protection for frontal crashes plus lap belts with belt warning for side crashes and rollovers; or (3) manual lap and shoulder belts with belt warning. 49 C.F.R. § 571.208, S4.1.2 (1987).

**3.** In *Richart,* plaintiff alleged that the car was negligently designed, and not crashworthy, because it lacked air bags. In *Kitts,* plaintiff alleged that the car was defective and unreasonably dangerous because the manufacturer failed to utilize available technology, *i.e.,* air bags, which would have prevented the death of plaintiff's decedent.

Safety Act preempts plaintiffs' air bag claims.[4] *See* 15 U.S.C. § 1392(d) (1987). In response to defendants' motions, each plaintiff argued that its claim was a common law tort claim expressly saved by section 108(c) of the Safety Act. *See* 15 U.S.C. § 1397(c) (1982).[5] The district courts reached opposite conclusions: The trial court in *Kitts* held that the Safety Act preempts plaintiff's air bag claim; the trial court in *Richart*, 681 F.Supp. 1462 (1988), held that the Safety Act does not preempt plaintiff's air bag claim.

We conclude that the Safety Act preempts plaintiff's air bag claim. *See Wood v. General Motors Corp.*, 865 F.2d 395 (1st Cir.1988). For our purposes, *Wood* is almost identical to the cases before us: the plaintiff alleged under state law that the automobile manufactured by the defendant was defective because it was equipped with safety belts rather than air bags or another passive restraint system (*e.g.*, automatic safety belts). The defendant moved for summary judgment on the ground that the Safety Act and FMVSS 208 promulgated under the Act preempt plaintiff's claim.

In *Wood*, the First Circuit rejected an express preemption claim, but held that section 103(d) of the Safety Act and FMVSS 208 impliedly preempt plaintiff's passive restraint claim. The Court found that

> Congress's purposes, as revealed in the Safety Act and in the legislative history, plainly *imply* a preemptive intent.
> Such an action is ... impliedly preempted because it would effectively circumvent section 1392(d)'s prohibition of nonidentical state standards covering the same aspect of performance as a federal safety standard. Allowing a common law action holding manufacturers liable for failing to install air bags in motor

vehicles would be tantamount to establishing a conflicting safety standard that necessarily encroaches upon the goal of uniformity specifically set forth by Congress in this area.

*Id.* at 402 (emphasis in original). Because we believe *Wood* directly addresses and correctly resolves the issue before us, we follow the general principles articulated in *Wood* and adopt the implied preemption rule of the First Circuit.

In view of our determination that the Safety Act preempts plaintiff's air bag claim, we affirm the trial court's grant of partial summary judgment to the defendant in *Kitts* and reverse the trial court's denial of partial summary judgment to the defendant in *Richart*. We also direct the trial court in *Richart* to enter partial summary judgment for the defendant.

---

**4.** The *Richart* defendant moved for partial summary judgment on the additional ground that the Safety Act and Federal Motor Vehicle Safety Standard 208 impliedly preempt plaintiff's air bag claim. The *Kitts* defendant moved for partial summary judgment on the additional ground that it owed no duty to the decedent under New Mexico law. Due to our disposition

of the preemption issue, we need not reach *Kitts'* second ground. *See* discussion *infra.*

**5.** Section 1397(c) states: "Compliance with any Federal motor vehicle safety standard issued under this subchapter does not exempt any person from any liability under common law." 15 U.S.C. § 1397(c) (1982).