Dale R. TAMMEN, Plaintiff,

v.

GENERAL MOTORS CORPORATION, et al., Defendants.

Civ. A. No. 93–1477–MLB.

United States District Court, D. Kansas.

June 24, 1994.

Edward J. Hund, Cordry, Hund & Hartman, Wichita, KS, for plaintiff.

Larry A. Withers, J. Scott Pohl, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, Rodney E. Loomer, Sherry A. Rozell, Turner, Reid, Duncan, Loomer & Patton, Springfield, MO, for General Motors Corp.

Jeff A. Roth, Chance Industries, Inc., Wichita, KS, for Takata North American, Inc., T K Holdings Inc., Irvin Automotive Products, Inc., Irvin Automotive Industries, Inc., Irvin Industries, Inc., Halle & Stieglitz, Inc., Halle Industrial Group, Inc., Gateway Industries, and Takata, Inc.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on defendants' motion for partial judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c). (Doc. 13)

Plaintiff brought this product liability action alleging, *inter alia*, that his 1986 Chevrolet Celebrity is defective because of the lack of a passive restraint or air bag system. Defendants move for partial judgment on the pleadings on the basis that plaintiff's air bag claims are preempted by the National Traffic and Motor Vehicle Safety Act (The Safety Act), 15 U.S.C. § 1392(d).

### Standards for Rule 12(c) Motions

A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6). *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) (Citations omitted). The court will render judgment only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief. *Id.* at 529. The court accepts as true all well-pleaded allegations in the complaint and construes them in the light most favorable to the plaintiff. *Id.*

### Discussion

Defendant argues the Tenth Circuit has ruled on the identical issue raised in this motion. In *Kitts v. General Motors Corp.*, 875 F.2d 787 (10th Cir.1989), the court held that the Safety Act preempts state law tort claims against automobile manufacturers who comply with Federal Motor Vehicle Safety Standards regarding occupant crash protection but fail to install air bags as well. *Id.* at 789. It is well established that this court is bound to follow Tenth Circuit precedent. *United States v. Spedalieri*, 910 F.2d 707, 709 n. 2 (10th Cir.1990).

Notwithstanding this rule, plaintiff argues that *Kitts* has been implicitly overruled by *Cipollone v. Liggett Group, Inc.*, —— U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992), wherein the Supreme Court held that the Federal Cigarette Labeling and Advertising Act of 1965 did not preempt the plaintiff's

state law damages action; and the Public Health Cigarette Smoking Act of 1969 preempted the plaintiff's claims based on a failure to warn but did not preempt his claims based on express warranty, intentional fraud and misrepresentation, or conspiracy. *Id.* at ——, 112 S.Ct. at 2625. Plaintiff urges this court to follow the views espoused by the Eleventh Circuit in *Myrick v. Freuhauf Corp.*, 13 F.3d 1516 (11th Cir.1994). The *Myrick* court found that *Cipollone* had altered preemption analysis such that the Safety Act did not preempt the plaintiff's common law tort claims. *Id.* at 1528.

The court declines plaintiff's invitation to disregard *Kitts.* While the United States Supreme Court's decisions are binding on all lower federal courts, the court does not interpret *Cipollone* to overrule *Kitts.* If *Cipollone* overrules *Kitts,* it is up to the Tenth Circuit to say so.

Accordingly, defendants' motion (Doc. 13) for judgment on the pleadings is hereby granted. No motions for reconsideration will be entertained.

IT IS SO ORDERED.