**Anna GULKO, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, a Delaware Corporation, Defendant.**

**C.A. No. 94C–12–285 SCD.**

Superior Court of Delaware, New Castle County.

Submitted: Oct. 13, 1997.
Decided: Nov. 6, 1997.

Gary W. Aber, of Heiman, Aber & Goldlust, Wilmington; for plaintiff Anna Gulko.

Somers S. Price, Jr., of Potter, Anderson & Corroon, Wilmington, for defendant General Motors Corporation.

## MEMORANDUM OPINION

Del PESCO, Judge.

### Introduction

Plaintiff Anna Gulko has filed a motion to amend the complaint in her action against General Motors Corporation ("GM"). In particular, she seeks to add claims of defective "design and manufacture of the shoulder/seatbelt apparatus" and the "failure to design, manufacture, assemble, and offer for sale the said vehicle with a passenger-side airbag." Generally, a motion to amend is permitted liberal construction under Superior Court Civil Rule 15(a).[1] Because Ms. Gulko's motion claiming defective design of the shoulder/seatbelt apparatus is a recognized and viable claim, which does not run afoul of any federal statutes, the Court has no difficulty granting this portion of the amended complaint.[2]

The claim that GM failed to equip Ms. Gulko's vehicle with a passenger-side airbag, however, poses an issue of law not previously addressed in this jurisdiction: Whether the National Traffic and Motor Vehicle Safety Act[3] ("the Safety Act") preempts such a common-law claim. For reasons discussed below, the Court finds that the Safety Act expressly preempts common-law causes of action claiming liability for failure to equip a vehicle with an airbag. That portion of the proposed amended complaint, therefore, fails to assert a cause of action and is denied.

### Claims of the Parties

Ms. Gulko's claim arises from an 1993 auto accident in which she was injured while riding in the passenger side of a rented 1992 Chevrolet Berreta. The car struck a tree after allegedly being run off the road by an unknown second vehicle. Ms. Gulko asserts that the seat belt she wore caused her severe injury while restraining her upon the car's impact with the tree.

---

1. E.K. Geyser Co. v. Blue Rock Shopping Ctr., Del.Super., 229 A.2d 499 (1967).

2. GM's objection to this portion of the amendment is its untimeliness and the prejudice that GM would suffer due to the unavailability of the vehicle. The Court does not find these arguments persuasive.

3. 15 U.S.C. § 1381 et seq. (1988) (recodified at 49 U.S.C. § 30103 et seq. (1994)).

GM argues that Ms. Gulko s common law claim has been preempted by the Safety Act under its preemption clause,[4] and should be denied as legally insufficient.[5] Ms. Gulko urges the Court to adopt the position taken by a minority of state jurisdictions which have found that such a claim is not necessarily preempted.[6]

### Federal Preemption of State Law

 The concept of preemption derives from the Supremacy Clause which decrees that a state law conflicting with federal law is invalid.[7] There are only three ways in which federal preemption can occur: (a) where Congress explicitly preempts state law; (b) where preemption is implied because Congress has occupied the entire field; or (c) where preemption is implied because there is an actual conflict between federal and state law.[8] At issue is whether the Safety Act expressly or impliedly preempts a common law claim for failure to equip a vehicle with airbags. The preemption clause of the Safety Act provides:

> Whenever a Federal motor vehicle safety standard established under this subchapter is in effect, no State or political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any motor vehicle or item of motor vehicle equipment any safety standard applicable to the same aspect of performance of such vehicle or item or equipment which is not identical to the Federal standard.... [9]

The Safety Act also contains a savings clause which provides:

Compliance with any federal motor vehicle safety standard issued under this title does not exempt any person from liability under common law.[10]

### Preemption Analysis

The legislative history of the Safety Act indicates that its purpose is to reduce traffic injuries and save lives.[11] A common law claim of defective design for lack of an airbag is not inconsistent with such intent. But it is also clear that Congress intended to provide automobile manufacturers the discretion to choose whether to install manual seat belts, airbags, or both.[12] Specifically, Federal Motor Vehicle Safety Standard 208 ("FMVSS 208") grants manufacturers the option to choose among restraint systems, including the option to install seat belts and not airbags.[13] To allow common law claims notwithstanding FMVSS 208 would obviously frustrate the Safety Act's intent to give automakers options as to which restraint system they may incorporate into their vehicles.

Because the language of § 1392(d) refers to "safety standard[s] applicable to the same aspect of performance of such vehicle," state-mandated auto standards or specifications are obviously preempted. Some confusion may nonetheless arise in interpreting this language because common law claims are not expressly indicated in § 1392(d)'s language and because the plain meaning of the savings clause reserves common law liability. This apparent contradiction is readily resolved, however, by noting that the savings clause cannot preserve a common law claim that *a*

---

**4.** 15 U.S.C. § 1392(d) (1988) (recodified at 49 U.S.C. § 30103(b)(1) (1994)).

**5.** *Itek Corp. v. Chicago Aerial Indus., Inc.*, Del.Super., 257 A.2d 232 (1969), *aff'd*, Del.Supr., 274 A.2d 141 (1971).

**6.** *See, e.g., Tebbetts v. Ford Motor Co.*, N.H.Supr., 140 N.H. 203, 665 A.2d 345 (1995) (holding common-law action for failure to equip vehicle with airbag not overruled by Safety Act.).

**7.** *Freightliner Corp. v. Myrick*, U.S.Supr., 514 U.S. 280, 286, 115 S.Ct. 1483, 1487, 131 L.Ed.2d 385 (1995) (citing *English v. General Electric Co.*, 496 U.S. 72, 78–79, 110 S.Ct. 2270, 2274–75, 110 L.Ed.2d 65 (1990)).

**8.** *English v. General Electric Co.*, U.S.Supr., 496 U.S. 72, 78–79, 110 S.Ct. 2270, 2274–75, 110 L.Ed.2d 65 (1990).

**9.** 15 U.S.C. § 1392(d) (1988) (recodified at 49 U.S.C. § 30103(b)(1) (1994)).

**10.** 15 U.S.C. § 1397(k) (1988).

**11.** 15 U.S.C. § 1381 (1988); *see also* 1966 U.S.C.C.A.N. 2709, 2720 (Congress intended to establish uniform nationwide auto safety standards).

**12.** 49 C.F.R. § 571.208 (1983).

**13.** *Id.*

*fortiori* contradicts a clear federal regulatory mandate, such as presented by FMVSS 208. It should also be noted that common law claims may impose liability requirements that are, in effect, equivalent to regulations issued by a legislature or state agency. Such common law claims therefore fall within the ambit of preemption even when a federal statute speaks only about "requirements." [14] Under the above analyses, the Court finds that the common law tort claim of failure to equip a vehicle with an airbag is expressly preempted by the Safety Act.[15]

The Court's conclusion, however, should not suggest that the Safety Act's savings clause is void and that all common law liability is extinguished. A variety of common law claims dealing with auto safety remain viable.[16] For example, if no pertinent federal safety standard exists, automakers may be subject to claims for certain design defects, one example being a defective design of the airbag itself.[17]

## Conclusion

In view of the above discussion, Plaintiff Gulko's motion to amend is GRANTED as to the claim of defective design and manufacture of the shoulder/seatbelt apparatus, and DENIED as to her proposed claims concerning GM's failure to equip the vehicle with a passenger-side airbag.

IT IS SO ORDERED.

**14.** *Medtronic, Inc. v. Lohr*, U.S.Supr., 518 U.S. 470, 502, 508–13, 116 S.Ct. 2240, 2259, 2262–63, 135 L.Ed.2d 700 (1996); *Cipollone v. Liggett Group, Inc.*, U.S.Supr., 505 U.S. 504, 521, 112 S.Ct. 2608, 2619–20, 120 L.Ed.2d 407 (1992).

**15.** The overwhelming majority of jurisdictions that have considered the matter have also concluded that a claim of defective design for lack of an airbag is precluded by the Safety Act. On this point, the federal circuit courts of appeal have uniformly found that there is preemption, of such common-law claims. *See Harris v. Ford Motor Co.*, 9th Cir., 110 F.3d 1410, 1413–15 (1997); *Gracia v. Volvo Europa Truck, N.V.*, 7th Cir., 112 F.3d 291, 296–98 (1997); *Montag v. Honda Motor Co., Ltd.*, 10th Cir., 75 F.3d 1414, *cert. denied,* —— U.S. ——, 117 S.Ct. 61, 136 L.Ed.2d 24 (1996); *Pokorny v. Ford Motor Co.*, 3d Cir., 902 F.2d 1116, *cert. denied,* 498 U.S. 853, 111 S.Ct. 147, 112 L.Ed.2d 113 (1990); *Kitts v. General Motors Corp.*, 10th Cir., 875 F.2d 787 (1989), *cert. denied,* 494 U.S. 1065, 110 S.Ct. 1781, 108 L.Ed.2d 783 (1990); *Taylor v. General Motors Corp.*, 11th Cir., 875 F.2d 816 (1989), *cert. denied,* 494 U.S. 1065, 110 S.Ct. 1781, 108 L.Ed.2d 783 (1990); *Wood v. General Motors Corp.*, 1st Cir., 865 F.2d 395 (1988), *cert. denied,* 494 U.S. 1065, 110 S.Ct. 1781, 108 L.Ed.2d 782 (1990).

*See also Cooper v. General Motors Corp.*, Miss. Supr., C.A. No. 92–CA–01334–SCT, Smith, J. (May 23, 1996), *opinion superseded on denial of rehearing,* 702 So.2d 428 (Miss.1997); *Cellucci v. General Motors Corp.*, Pa.Super., 450 Pa.Super. 438, 676 A.2d 253, *appeal granted,* Pa.Supr., 546 Pa. 652, 684 A.2d 555 (Oct. 22, 1996); *Martinez v. Ford Motor Co.*, 224 Mich.App. 247, 568 N.W.2d 396 (1997); *but compare Wilson v. Pleasant,* Ind.Supr., 660 N.E.2d 327 (1995).

**16.** *See generally* 97 A.L.R.Fed. 853 (federal preemption of state common law products liability claims); 39 A.L.R.5th 267 (products liability claims for defective design of airbags).

**17.** *See, e.g., Perry v. Mercedes Benz of North America, Inc.*, 5th Cir., 957 F.2d 1257 (1992).