# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

November 6, 2019

R. Mark Tanyhill, Esquire
Schwartz & Schwartz
1140 South State Street
Dover, DE  19901

Miranda D. Clifton, Esquire
Young & McNelis
300 South State Street
Dover, DE  19901

Submitted:  October 25, 2019
Decided:  November 6, 2019

**RE: *Deedra Prince v. Ferritto, LLC & Synoski Real Estate Management, LLC*
K18C-02-005 JJC**

Counsel:

This premises liability trial begins on November 12, 2019.  Plaintiff Deedra Prince moves to amend the complaint to add an allegation of negligence *per se*.  She seeks to amend it to include an allegation that Defendants Ferritto, LLC and Synoski Real Estate Management, LLC (collectively "Ferritto") violated the following Kent County Code provision:

> [e]very stair, porch, balcony and all appurtenances attached thereto shall be so maintained as to be safe to use and capable of supporting the loads to which it may be subjected and shall be maintained in sound condition and repair.[1]

---

[1] Kent County C. § 43-13(J).

In her written motion, Ms. Prince emphasizes that such amendments should be liberally granted. She also argues that this claim will cause Ferritto no unfair prejudice. She alleges that the facts relevant to the new claim and any defenses to it mirror those that are relevant to her existing common law negligence claim.

Ferritto opposes the motion. It argues that permitting the amendment would substantially prejudice it because Ferritto did not have the chance to conduct discovery regarding it. Second, Ferritto argues that the provision does not satisfy the criteria necessary to make a violation of it negligence *per se*.

At the outset, Superior Court Civil Rule 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party[,] and leave shall be freely given when justice so requires."[2] An amendment to a pleading must be granted liberally under this rule unless the amendment would unfairly prejudice the opposing party.[3] Generally, "the mere fact that an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced."[4] The form for Superior Court's pretrial stipulations recognizes this by including a section for late amendments to the pleadings.[5]

In this case, Ms. Prince first raised the issue in the pretrial stipulation submitted in June 2019, more than four months before trial. The Court finds no unfair prejudice to Ferritto by permitting this amendment in a premises liability case where Ms. Prince allegedly stepped through unsound flooring on a porch attached to Ferritto's property. The facts relevant to both the claims and defenses for the new claim will mirror those in the existing common law claim.

---

[2] Sup. Ct. Civ. R. 15(a).

[3] *Gulko v. Gen. Motors Corp.*, 710 A.2d 213, 214 (Del. Super. 1997); *Dunfee v. Blue Rock Van & Storage, Inc.,* 266 A.2d 187, 188 (Del. Super. 1970).

[4] *Itek Corp. v. Chicago Aerial Indus., Inc.,* 257 A.2d 232, 234 (Del. Super. 1969), *aff'd,* 274 A.2d 141 (Del. 1971).

[5] Sup. Ct. Form 46, Pretrial Stipulation.

Furthermore, the provision is specific enough to provide for negligence *per se*. As the Delaware Supreme Court recognized, "[i]t is settled law that violation of a [law] enacted for the safety of others constitutes negligence *per se*."[6] The requirements to demonstrate that a statute, code, or regulation justify a claim of negligence *per se*, include the following: (1) the provision must have been enacted for the safety of others and must create a standard of conduct designed to avoid the harm the plaintiff allegedly suffered; and (2) the plaintiff must be a member of the class of persons that the provision seeks to protect.[7] The provision must also be "sufficiently specific" to support such a claim.[8]

The Kent County Code recites the Levy Court's relevant findings that meet these requirements. Namely, in adopting the provision, the Levy Court intended "to protect public safety, and the health and welfare in existing residential structures and on existing residential premises . . . by [f]ixing the responsibilities of owners, operators and occupants of all structures ... ."[9]

Furthermore, the provision at issue is sufficiently specific to support an allegation of negligence *per se*.[10] First, it identifies the exterior structures (stairs, porches, or balconies) that fall within its scope. Second, it identifies the degree of maintenance necessary for those structures. Specifically, it requires sufficient maintenance to ensure that an attachment is "capable of supporting the loads to which it may be subjected."[11] Finally, the provision also expressly reflects the Levy Court's intent to create a "minimum

---

[6] *Wright v. Moore*, 931 A.2d 405, 408 (Del. 2007).
[7] *D'Amato v. Czajkowski*, 1995 WL 945562, at *2 (Del. Super. Oct. 26, 1995).
[8] *Hand v. Davis*, 1990 WL 96583, at *4 (Del. Super. June 8, 1990).
[9] Kent Cty. C. § 143-2.
[10] *Cf. Wright*, 931 A.2d at 408 (rejecting the premise that the inattentive driving statute, which provides that anyone who "operates a vehicle and who fails to give full time and attention to the operation of the vehicle, or ... fails to maintain a proper lookout while operating the vehicle, shall be guilty of inattentive driving" fails to provide a specific standard of conduct for negligence *per se* purposes).
[11] Kent Cty. C. § 43-13(J). (providing an attachment be "maintained as to be safe to use and *capable of supporting the loads to which it may be subjected* and shall be maintained in sound condition and repair") (emphasis added). When comparing the provision's language with that of the inattentive driving statute found sufficiently specific in *Wright*, the Court concludes the provision here sets forth a specific standard as to exterior structure maintenance.

3

standard governing the condition and maintenance"[12] of stairs, porches, and balconies. This statement of legislative intent and the provision at issue fall within a portion of the Kent County Code entitled "Minimum Conditions of Premises and Buildings." For these reasons, Kent County Code § 143-13(J) is sufficiently specific to provide for negligence *per se*, provided the fact finder determines that a party breached its requirements.

Finally, to support an allegation of negligence *per se*, the provision must apply to the premises at issue. Here, Ferritto does not challenge Ms. Prince's proffer that the location of the alleged tort falls within an unincorporated area of Kent County. Accordingly, pursuant to Delaware Rule of Evidence 202(d), the Court takes judicial notice that the Kent County Code applies to the structure at issue. For this reason and the others discussed, Ms. Prince's motion to amend the complaint is **GRANTED**.

As a final matter, Ferritto emphasizes that the Code imposes duties not only on owners, but on occupants and tenants as well. The Court recognizes that adding a negligence *per se* claim does not preclude Ferritto's comparative negligence claims, provided the evidence supports them. Apart from that recognition, the Court will defer its decision until trial regarding whether Ms. Prince, as the tenant, could have been comparatively negligent *per se*. The Court requires further argument and evidentiary context regarding that issue.

> **IT IS SO ORDERED**.

/s/ Jeffrey J Clark<br>
Judge

JJC/jb
*Via File&Serve Xpress*

---

[12] *See Schwartzman v. Weiner*, 319 A.2d 48, 54–55 (Del. Super. 1974) (finding violations of a city code constituted negligence *per se* because the code established "minimum standards governing the condition and maintenance of dwellings, the violation of which may constitute negligence in itself" and embodied a standard of conduct intended to protect the plaintiff's class of persons from harm).