**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| TASDAQ UPPAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N16C-02-047 EMD |
| v. | ) | |
| | ) | |
| ALONZO WATERS, WENDY | ) | |
| WATERS, and SPIRIT BUILDING | ) | |
| CONCEPTS INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT**

Upon consideration of the Complaint filed by Plaintiff Tasdaq Uppal on February 4, 2016; Defendants' Motion to Dismiss Complaint Against Individual Defendants, Alonzo Waters and Wendy Waters, and Corporate Defendant, Spirit Building Concepts, Inc. (the "Motion to Dismiss") filed by Defendants Alonzo Waters, Wendy Waters, and Spirit Building Concepts Incorporated ("Spirit" and, collectively, the "Defendants") on April 25, 2016; and Plaintiff's Opposition to Defendants' Motion to Dismiss (the "Response") filed by Mr. Uppal on June 6, 2016, the Court finds and holds as follows:

BACKGROUND

1.     Mr. Uppal owns a gas station in New Castle, Delaware.  Ms. Waters owns Spirit. Mr. Uppal and Spirit entered into a contract, titled the Proposal & Letter of Agreement Between Client and Spirit Building Concepts Inc. (the "Contract") on or around April 3, 2015.  Under the Contract, Defendants agreed to renovate Mr. Uppal's gas station in exchange for $113,000. Upon signing the contract on April 4, 2015, Mr. Uppal gave Mr. Waters a check for $11,000 and a survey of the gas station.  On May 4, 2015, Mr. Uppal gave Mr. Waters a check for $53,000.

In August 2015, Mr. Uppal claims that Defendants attempted to raise the contract price to $175,000 without changing the work to be performed under the Contract. Mr. Uppal alleges that, as of the filing of the Complaint, Defendants completed less than 5% of the work listed in the Contract before Defendants stopped working. Mr. Uppal provides that he has repeatedly asked for his money to be returned but that Defendants have refused to return the $64,000 which he paid them and have failed to perform the construction work.

2. Mr. Uppal claims that he has had other issues with the Defendants. On June 1, 2015, Mr. Waters told Mr. Uppal that the survey that Mr. Uppal provided on April 4, 2015 was insufficient and that Spirit needed a new survey. Mr. Uppal alleges that Defendants did not obtain any permits to work on the gas station before they started the work and that Defendants blamed their delays on the gas station not being empty when really Defendants were delayed due to the lack of permits.

3. In the fact section of the Complaint, Mr. Uppal appears to make several tort and contract claims: negligence, fraud, negligent or intentional fraudulent misrepresentation, breach of contract, and unjust enrichment. In the Complaint's counts – Counts I through III, Mr. Uppal alleges: Defendants "negligently or intentionally failed to exercise the reasonable level of skill, knowledge, care, and attention and prudence common to contractors in Delaware" (Count I); Defendants entered into a negligent or fraudulent scheme to inflate the price of the Contract because Defendants knew that Mr. Uppal was in a rush to finish the renovations (Count II); and, Defendants violated Delaware law by starting renovations without the necessary permits (Count III).

4.      In the Motion to Dismiss, Defendants contend that the claims brought against Mr. and Ms. Waters should be dismissed because Mr. and Ms. Waters were not parties to the contract and owed no duties to Mr. Uppal. Defendants further contend that the tort claims brought against Spirit should be dismissed under the bootstrapping doctrine because all of the actions underlying the claims are alleged breaches of contract. Finally, Defendants contend that the fraud claims are not plead with particularity.

5.      In the Response, Mr. Uppal contends that he is not attempting to bootstrap tort claims onto a contract claim because the tort claims are about whether Defendants fraudulently induced Mr. Uppal into entering into the contract. Mr. Uppal did not address Defendants' arguments about whether Mr. and Ms. Waters could be sued under the contract or whether Mr. and Ms. Waters owed Mr. Uppal any duties. Mr. Uppal also contends that he plead enough facts to survive a motion to dismiss, though he does not discuss specifically whether he plead his fraud claims with particularity. In the alternative, Mr. Uppal asks to first conduct some discovery and then to amend the Complaint.

## APPLICABLE LEGAL STANDARDS

**Superior Court Civil Rule 12(b)**

6.      Upon a motion to dismiss, the Court (1) accepts all well-pleaded factual allegations as true, (2) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (3) draws all reasonable inferences in favor of the non-moving party, and (4) will only dismiss a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[1] However, the Court must "ignore conclusory

---

[1] *See Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Acad., LLC*, 2010 WL 5825343, at *3 (Del. Super. October 27, 2010).

3

allegations that lack specific supporting factual allegations."[2]  In considering a motion to dismiss

under Civil Rule 12(b)(6), the Court generally may not consider matters outside the complaint.[3]

However, documents that are integral to or incorporated by reference in the complaint may be

considered.[4]  "If . . . matters outside the pleading are presented to and not excluded by the Court,

the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56,

and all parties shall be given reasonable opportunity to present all material made pertinent to

such a motion by [Civil] Rule 56."[5]

**Superior Court Civil Rule 9(b)**

7.      Under Civil Rule 9(b), a plaintiff must plead fraud and negligence with

particularity.[6]  "The purpose of [Civil Rule 9(b)] is to apprise the adversary of the acts or

omissions by which it is alleged that a duty has been violated."[7]  To plead fraud or negligence

with the particularity required by Civil Rule 9(b), plaintiff must include the "time, place,

contents of the alleged fraud or negligence, as well as the individual accused of committing the

fraud" or negligence.[8]

8.      The point of Civil Rule 9(b) is not exactitude.[9]  Instead, all that is required to

satisfy particularity is "time, place, contents of the alleged fraud, as well as the individual

---

[2] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).
[3] *See* Super. Ct. Civ. R. 12(b).
[4] *See In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 70 (Del. 1995).
[5] Super. Ct. Civ. R. 12(b).
[6] Super. Ct. Civ. R.  9(b).
[7] *Mancino v. Webb*, 274 A.2d 711, 713 (Del. Super. 1971).
[8] *See TrueBlue, Inc., v. Leeds Equity Partners IV, LP*, C.A. No. N14C-12-112 WCC CCLD, 2015 WL 5968726, at *6 (Del. Super. Sept. 25, 2015) (quoting *Universal Capital Mgmt., Inc. v. Micco World, Inc.*, C.A. No. N10C-07-039-RRC, 2012 WL 1413598, at *2 (Del. Super. Feb. 1, 2012)).
[9] *See Universal Capital Management, Inc. v. Micco World, Inc.,* 2012 WL 1413598 (Del. Super. Feb. 1, 2012) (allowing thinly-plead fraud claim to survive a motion to dismiss even though "scant" details were pled).

4

accused of committing the fraud."[10]  The Court must take all of plaintiff's well-plead allegations as true.

ANALYSIS

9.  The Court finds the Complaint to be unclear and incomplete.  By this, the Court means that the Complaint is unclear as to what claims Mr. Uppal wishes to bring – a contractor malpractice claim (Court I); a negligence/fraudulent inducement claim (Court II); and, a breach of contract claim (Count III).  The Response is somewhat helpful in that Mr. Uppal argues that he has plead fraud in the inducement; however, Mr. Uppal does not tie that argument back to specific allegations made in the Complaint or to a specific Count asserted in the Complaint – i.e., "Count II is a fraudulent inducement claim."  Accordingly, the Court will **GRANT** the Motion to Dismiss.  The Court will also **GRANT** Mr. Uppal's request to file an amended complaint within twenty (20) days of the date of this Order.  The Court, below, provides (i) the basis for its decision and (ii) guidance as to addressing deficiencies.

**Breach of Contract**

10.  If there were a breach of contract claim, the Court would have to dismiss such a claim against Mr. and Ms. Waters.  Only the parties to a contract are bound by the contract, with a few exceptions.[11]  For example, a party may sue a third-party if the corporate veil is pierced.[12]  The Court has reviewed the Contract and finds that, as alleged, Mr. Uppal may not sue Mr. and Ms. Waters for breach of contract.  Mr. Uppal and Spirit, and not Mr. and Ms. Waters, are parties to the Contract.[13]  Mr. Uppal argues in the Response that Spirit may not exist and may be a

---

[10] *TrueBlue, Inc.*, 2015 WL 5968726, at *6.
[11] *See* Richard A. Lord, 1, 21 *Williston on Contracts* §§ 1:1, 57:147 (4th ed. 2016).
[12] § 57:147.
[13] Mr. Uppal and Mr. Waters are the only persons signing the Contract.  Mr. Waters signs the Contract as either "SBC Representative" or "Authorized Representative Signature (SBC)."  Contract at pp. 5 and 6.  The Contract also provides "6.2 The Client agrees that the services of this Agreement shall not subject the individual employees, officers or directors of SBC to any personal legal exposure for the risk associated with the project.  The Client

sham; however, Mr. Uppal does not make those allegations in the Complaint. As such, Mr. Uppal has not alleged facts that would support a claim that Mr. and Ms. Waters have duties to Mr. Uppal under the Contract. Therefore, any breach of contract claims against Mr. and Ms. Waters must be dismissed.

11. The Court notes that Mr. Uppal appears to make an unjust enrichment claim in his Complaint.[14] Unjust enrichment is an alternative theory under contract law for when a party is unjustly enriched and there is no contract that can be enforced as a remedy.[15] Unjust enrichment is not a tort, so the Bootstrapping Doctrine (discussed below) does not apply. The Court further notes, however, that unjust enrichment is not available in a case with an express contract.[16] While Mr. Uppal appears to make an unjust enrichment claim, the Complaint does not assert an unjust enrichment claim in Counts 1 through III. Mr. Uppal does not argue in the Response that the Complaint asserts an unjust enrichment claim and so, at this point in the civil action, the Court cannot rule on the legal sufficiency of such a claim.

**Negligence and Fraud Claims**

12. Mr. Uppal did make both negligence and fraud claims in his Complaint. Under the Bootstrapping Doctrine, a plaintiff bringing a claim based upon breaches of contract must sue in contract, not in tort.[17] "Delaware courts will not permit a plaintiff to 'bootstrap' a breach of contract claim into a tort claim merely by intoning the *prima facie* elements of the tort while

---

further agrees that the Client's sole and exclusive remedy of any claim, demand or suit shall be directed and/or asserted only against Spirit Building Concepts Inc. (SBC)." Contract at ¶6.2.

[14] Complaint at ¶¶ 12, 14 and 18.

[15] *See Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010).

[16] *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 891 (Del. Ch. 2009).

[17] *See Cornell Glasgow, LLC, v. La Grange Properties, LLC*, C.A. No. N11C-06-016 JRS CCLD, 2012 WL 2106945 at *7 (Del. Super. June 6, 2012) (quoting *Data Mgt. Internationale, Inc*., *v. Saraga*, C.A. No. 05C-05-108, 2007 WL 2142848 at *3 (Del. Super. July 25, 2007)).

6

telling the story of the defendant's failure to perform under the contract."[18] If a complaint alleges that "the parties had a contract and [the defendant] intended not to follow through with its obligations under the [contract] and nothing more," then a "fraud claim would be an impermissible bootstrap of [the] breach of contract claim."[19]

13. Mr. Uppal alleges that the Defendants acted negligently or fraudulently by (1) not informing Mr. Uppal that the survey was insufficient for months, (2) only completing 5% of the work, (3) working on the gas station without the legally-required permits, and (4) ignoring Mr. Uppal's demands to return the money. Mr. Uppal also alleges that the Defendants acted fraudulently by (1) misrepresenting their qualifications before Mr. Uppal signed the Contract, (2) claiming that the Defendants could not start work on the gas station because it was not completely empty when the true reason for the delay was that Defendants did not have permits to do the work, and (3) seeking to raise the Contract price to $175,000 without any change in the scope of the work.

14. The Court finds that all but one of the alleged negligent and fraudulent actions arise under the Contract. The exception is Defendants' alleged misrepresentation of qualifications to induce Mr. Uppal to sign the Contract. The Bootstrapping Doctrine does not apply to fraudulent inducement claims if the party entering into the contract could have known of the misrepresentations by reading the contract and/or if the contract has an integration or merger clause.[20] Here, Mr. Uppal could not have known of misrepresentations by reading the Contract, and there is no integration or merger clause. The Court finds that, as presently alleged, all of the

---

[18] *Id.* at *8 (citing *Kuroda v. SPJS Holdings LLC*, 971 A.2d 872, 889 (Del. Ch. 2009)); *Data Mgt. Internationale,* WL 2142848 at *3; *Iotex Comm., Inc. v. Defries*, No. 15817, 1998 WL 914265, at *5 (Del. Ch. December 21, 1998); *Pinkert v. Olivieri, PA*, No. CIV. A. 99-380-SLR, 2001 WL 641737, at *5 (D. Del. May 24, 2001)).

[19] *Narrowstep, Inc. v. Onstream Media Corp.*, C.A. No. 5114-VCP, 2010 WL 542405, at *15 (Del. Ch. Dec. 22, 2010).

[20] *MicroStrategy Inc. v. Avavia Research Corp.*, C.A. No. 5735-VCP, 2010 WL 5550455, at *14 (Del. Ch. Dec. 30, 2010); *Carrow v. Arnold*, C.A. No. 182-L, 2006 WL 3289582, at *11 (Del. Ch. Oct. 31, 2006).

negligence and fraud claims, with the exception of the misrepresentations, are barred by the Bootstrapping Doctrine. Moreover, as discussed above, Mr. Uppal makes factual allegations in the Response regarding Spirit as a "sham" entity but these allegations are not in the Complaint.

15. Under Civil Rule 9(b), a plaintiff must plead fraud and negligence with particularity.[21] To plead fraud or negligence with the particularity required by Civil Rule 9(b), a plaintiff must include the "time, place, contents of the alleged fraud or negligence, as well as the individual accused of committing the fraud" or negligence.[22] The point of Civil Rule 9(b) is not exactitude.[23]

16. Mr. Uppal has almost met the heightened standard in some of his negligence and fraud claims. He has provided the date of the Contract, the dates of the exchanges of money, and the month of the fraud alleged in Count II. Mr. Uppal provided the place, his gas station in New Castle, Delaware. Mr. Uppal indentified the three Defendants as the individuals who committed the alleged fraud and negligence. As stated above in ¶ 9, Mr. Uppal described most of the contents of the alleged negligence and fraud. The Court finds that Mr. Uppal failed to plead the contents of the alleged negligent or intentional misrepresentations. Therefore, the misrepresentation claim is dismissed under Rule 9(b). [24]

---

[21] Super. Ct. Civ. R. 9(b).

[22] *See TrueBlue, Inc.*, 2015 WL 5968726, at *6.

[23]*See Universal Capital Management, Inc.,* 2012 WL 1413598 (allowing thinly-plead fraud claim to survive a motion to dismiss even though "scant" details were plead).

[24] Mr. Uppal's negligent misrepresentation claims may create a subject-matter jurisdiction issue if the Court does not find that the claim fails as a matter of law. *See, Cornell Glasgow, LLC, v. La Grange Properties, LLC*, C.A. No. N11C-06-016 JRS CCLD, 2012 WL 2106945 at *8 n.83 (Del. Super. June 6, 2012)(finding that although negligent misrepresentation sounds in equity and must be litigated in Chancery, the fact that the claim fails as a matter of law renders any issues of *pro temp* appointment moot).

**Leave to Amend**

17.     Under Civil Rule 15(a), the Court may freely give leave to amend a pleading, especially if it will not prejudice the opposing party.[25]  As noted above, the Complaint appears to contain a breach of contract claim or an unjust enrichment claim that is not made explicit in the Complaint.  In the absence of any evidence that an amended Complaint would prejudice Defendants, the Court will grant Mr. Uppal's request for leave to amend the Complaint.

18.     Mr. Uppal argues that he needs discovery before he can amend the Complaint to meet the requirements of Civil Rule 9(b).  The Court disagrees.  Mr. Uppal has already almost met the requirements of Civil Rule 9(b) and should be able to do so with respect to the contents of the alleged misrepresentations without need of discovery.

CONCLUSION

The Court must dismiss any breach of contract claims brought against Mr. and Ms. Waters because they are not parties to the contract.  The Court must dismiss the fraud and negligence claims in the Complaint under the Bootstrapping Doctrine and Civil Rule 9(b).  Due to the way the Complaint was written, it appears as if Mr. Uppal did not bring a breach of contract or unjust enrichment action against Spirit – Count III is just too bereft to interpret as a true breach of contract claim.  The Court will allow Mr. Uppal to amend his Complaint in accordance with the dictates of this Order.

**IT IS HEREBY ORDERED** that the Motion to Dismiss is **GRANTED**; and

---

[25] *See* Super. Ct. Civ. R. 15(a); *see also*, *Hess v. Carmine*, 369 A.2d 173, 177 (Del. Super. 1978) (citing *Foreman v. Davis*, 371 U.S. 178, 182 (1962)); *Dunfee v. Blue Rock Van & Storage Inc.,* 266 A.2d 187, 188 (Del. Super. 1970).

9

**IT IS HEREBY FURTHER ORDERED** that Mr. Uppal's request for leave to amend the Complaint is **GRANTED** and that Mr. Uppal has twenty (20) days from the date of this Order to file an amended Complaint.

Dated: August 9, 2016
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge